Conan vs. Follis and others.

CONAN vs. FOLLIS and others.

*September 27 — October 14, 1884.*

*(1) Ejectment: New trial: Undertaking.   (2) New trial after nonsuit.   (3) Appealable order.*

1. The undertaking required by sec. 3092, R. S., upon the granting of a new trial in an action of ejectment, need not be executed by the applicant himself.
2. Such new trial should be granted although there was a judgment of nonsuit entered after a trial by the court upon the merits.
3. Where the court has held that an undertaking is sufficient and has granted a new trial thereon, an order adjudging that a second undertaking and deposit (made to supply supposed deficiencies in the former undertaking) were not in time, does not affect any substantial right, and is not appealable.

APPEALS from the Circuit Court for *Douglas* County. The facts sufficiently appear from the opinion.

For the plaintiff there was a brief by *Hiram Hayes* and *Champ Green*, attorneys, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*.

For the defendants the cause was submitted on the brief of *E. L. Johnson*, attorney, and *H. N. Setzer*, of counsel.

COLE, C. J.   These are cross-appeals by the parties from portions of the same order.  The action is ejectment.  The cause was tried by the court without a jury, and a judgment of nonsuit was rendered on the 19th day of September, 1882.   In December, 1882, the plaintiff moved for a new trial under the statute.  The motion was granted on condition

that the plaintiff pay all the costs recovered by the judgment, and also execute and file with the clerk an undertaking, with sufficient sureties, in the sum of $250, as provided in sec. 3092, R. S. The costs were paid, and on the 15th of June, 1883, an undertaking in due form, and for the proper amount, was filed with the clerk. This undertaking was signed by two sureties, who each justified in the sum of $1,000. Subsequently, the court held the undertaking insufficient because it was not signed by the plaintiff, but afterwards changed its decision on that point. On the 26th day of June, 1883, the plaintiff offered to deposit $250 in court, but he did not actually make the deposit until January, 1884. On the 5th of December, 1883, the plaintiff offered to file a second undertaking, which was signed by himself and two sureties, in the proper amount. The court held that this undertaking was not in time, because not filed within a year from the rendition of the judgment, and that the deposit was insufficient for the same reason. The defendants appeal from so much of the order as holds that the first undertaking filed was a sufficient compliance with the statute, and the plaintiff appeals from that part of the order which holds that the second undertaking and deposit made were ineffectual to entitle him to a new trial.

As to the first portion of the order, we are entirely clear that the first undertaking, though it was not signed by the plaintiff, was sufficient, and answered all the purposes of the statute. It is true, the provision is that the applicant " execute and file an undertaking," etc., making a verbal change in the law as it stood in sec. 20, ch. 141, 2 Tay. Stats. But we do not think the legislature intended by this slight change in the verbiage of the statute to change the law upon the subject, and make it necessary for the applicant himself to execute the undertaking. The plain object of this provision, requiring an undertaking to be given, is security of the other party on granting a new trial; and, as observed

by the learned counsel for the plaintiff, this end is fully attained by an undertaking for the specified amount, in due form, which is executed by two responsible sureties. We therefore think the circuit court was entirely correct in holding that the first undertaking, which was executed by two responsible sureties and filed in time, entitled the plaintiff to a new trial.

But the learned counsel for the defendants insists that the plaintiff could not have a new trial under the statute because there was a judgment of nonsuit. But that judgment was rendered after a trial by the court upon the merits, and should have the same effect as if the case had been tried by a jury. We have no doubt but the statute extends to the case, and that a new trial should be granted upon a proper application, upon the payment of the costs and giving the requisite undertaking. The statutory right to a second trial in this action is given upon the theory that the defeated party should be afforded another opportunity to supply any defects in his title as first exhibited, and especially to enable him to overcome his adversary's title, of which he might be ignorant. The provision should have a fair, liberal construction, even if its wise purpose is sometimes perverted by unscrupulous litigants.

It seems to us that that part of the order which the plaintiff has appealed from does not affect any substantial right. He has already secured his new trial. We therefore think his appeal must be dismissed. That part of the order which the defendants have appealed from will be affirmed.

*By the Court.*— Ordered accordingly.