L. A. Shakman & Co. vs. Koch.

L. A. SHAKMAN & COMPANY, Respondent, vs. KOCH, Appellant.

*May 27 — June 19, 1896.*

*Appealable orders: Attachment: Undertaking, by whom to be executed: Sale of perishable property.*

1. An order refusing to set aside the proceedings under a writ of attachment is an order continuing a provisional remedy, and is therefore appealable, under subd. 3, sec. 3069, R. S., as amended by ch. 212, Laws of 1895.
2. Under sec. 2732, R. S., providing that "before the writ of attachment shall be executed a written undertaking *on the part of the plaintiff*, with sufficient surety, shall be delivered to the officer," the plaintiff is not a necessary party to the instrument, but it is sufficient if the undertaking is signed by sufficient surety and is delivered to the officer as and for the undertaking required by the statute.
3. An order for the sale of the attached property, made under sec. 2740, R. S., upon affidavits showing that it was likely to perish or depreciate in value, will not be set aside because of the falsity of such affidavits, upon a motion made long after defendant must have known of it and after the proceedings under it were practically concluded.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This action was to recover a debt not due. On the 26th day of November, 1894, an affidavit for a writ of attachment was made by J. Bettman, who testified that he made the same for and on behalf of plaintiff, and was authorized so to do. The writ of attachment was issued, and, with an undertaking on the part of plaintiff with surety, but not signed by plaintiff, was delivered to the sheriff to be executed. Such undertaking was in the following form: "A writ of attachment against the property of the defendant in this action having been issued, we, Aug. Ruedebusch and John Herbeig, of the city of Mayfield, Dodge county, Wisconsin, do hereby undertake, pursuant to statute in such cases made and provided, in the sum of three thousand and fifty dollars and seventy cents ($3,050.70), that if the defendant recover judgment in this action the plaintiff will pay all costs awarded to the defendant, and all damages which he may sustain by reason of the writ of attachment, not exceeding the sum of three thousand and fifty and seventy one-hundredths dollars ($3,050.70)." Thereupon the sheriff executed the writ by taking into his possession certain property consisting of store goods belonging to defendant, and thereafter, on the 12th day of December, he obtained an order to sell the property and hold the proceeds pending the disposition of the case. No notice of the application for the sale was given to the defendant. Such application was based on affidavits to the effect that some of the property consisted of perishable goods; that other property was dangerous to keep; that some of the property consisted of goods only fit for winter market, and that, if retained until the cause should be terminated, the same would greatly depreciate in value; and that the keeping of the property would be attended with great hazard and expense.

Defendant appeared and answered in the action, and also traversed the affidavit for the writ of attachment. On the 19th day of February, 1895, he made an affidavit to set

aside the writ of attachment and order of sale. Such affidavit was to the effect that very little of the property consisted of perishable goods; that the value of the entire stock was $14,000; that it might readily have been insured for a sufficient amount to cover plaintiff's claim and all other attachments thereon; that no notice of the application for a sale was served on him, and that no copy of the order was served on him. Based on such affidavit and the other papers in the case, defendant moved the court, on the 22d day of June, 1895, to set aside the service of the writ, because the officer had no authority to execute the same, and because the plaintiff did not give the undertaking required by law, and because he did not serve upon defendant in time or at any time the inventory required by law; and also moved the court at the same time to set aside the order of sale — first, because made without authority; second, because improvidently made; third, because there was no showing sufficient to warrant the order, and the making of the same under the circumstances was an abuse of judicial discretion. The motions were denied, and from the order denying the same this appeal was taken.

This case and the one following were argued together.

*Edward S. Bragg,* of counsel, for the appellant, contended, *inter alia,* that the undertaking is not in compliance with the statute. Sec. 2732, R. S. It is not an undertaking *on the part of* the plaintiff; and it is an undertaking of principals only, without any sureties. *Wiley v. C. Aultman & Co.* 53 Wis. 562; *Miller v. C., M. & St. P. R. Co.* 58 id. 312; *Manley v. Headley,* 10 Kan. 88–94; *Detroit Safe Co. v. Kelly,* 78 Wis. 134; Waples, Attachm. & Garn. §§ 182–186; *Wallace Elliott & Co. v. Plukart,* 6 Pa. Co. Ct. Rep. 151; *Myers v. Lewis,* 1 McMullen, 54; *Nat. Exch. Bank v. Stelling,* 31 S. C. 360; *Booker v. Smith,* 38 id. 228; *Jones v. Anderson,* 7 Leigh, 308; *Wantz v. Hendley,* 2 Hen. & M. 308; *Grove v. Harvey,*

12 Rob. (La.), 221; *Ford v. Hurd,* 4 Smedes & M. 683; *Work v. Titus,* 12 Fla. 625.

For the respondents there was a brief signed by *F. M. Lawrence* and *J. E. Malone,* attorneys for *L. A. Shakman & Co., J. E. Malone,* attorney for *King* and others, and *George A. Hawley,* of counsel; and the cause was argued orally by *Mr. Malone.* They argued, among other things, that an undertaking signed by the sureties alone, without the signature of the plaintiff, satisfies the requirements of sec. 2732, R. S. 1 Ency. of Pl. & Pr. 973, note; *Sacramento v. Dunlap,* 14 Cal. 423; *Curtis v. Richards,* 9 id. 38; *Tissot v. Darling,* id. 278; Drake, Attachm. (7th ed.), § 131; 1 Abbott, New Pr. & Forms, 62; *Howard v. Manderfield,* 31 Minn. 337; *Black Hills Mercantile Co. v. Gardiner,* 5 S. Dak. 246; *Taylor v. Ricards,* 9 Ark. 378; *Leffingwell v. Chave,* 19 How. Pr. 57; Wait, N. Y. Ann. Code, § 230; 2 Wait, Pr. 151; *Stevens v. Richardson,* 9 Fed. Rep. 191. The sureties are bound upon the undertaking given and estopped from claiming that the same is insufficient, so that the requirements of the statute are fully complied with, namely, security to the defendant upon the levy of the attachment. The principal is bound without any written undertaking or bond. 2 Wait, Pr. 153; *Billingsley v. Harris,* 79 Wis. 103; *Zechman v. Haak,* 85 id. 656; *Love v. Rockwell,* 1 Wis. 382; *Baltimore, O. & C. R. Co. v. Taylor,* 81 Ind. 24; Waples, Attachm. & Garn. § 123.

MARSHALL, J. Respondent moved to dismiss the appeal upon the ground that an order refusing to set aside proceedings under a writ of attachment is not appealable. The motion to dismiss must be denied. The order is appealable under subd. 3, sec. 3069, R. S., as amended by ch. 212, Laws of 1895, which provides that an order may be carried by appeal to the supreme court which grants, refuses, continues,

or modifies a provisional remedy. The attachment proceedings within the meaning of the statute constitute a provisional remedy (Tiffany & S. Prac. 314; 2 Abb. Law Dict. 344), and the order refusing to set aside the proceedings under it continued such remedy. Therefore such order is appealable.

Sec. 2732, R. S., provides that before a writ of attachment shall be executed, a written undertaking on the part of the plaintiff, with sufficient surety, shall be delivered to the officer to the effect that if the defendant recovers judgment the plaintiff shall pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the writ of attachment, not exceeding the sum specified therein, which sum shall not be less than $250. It is claimed on the part of appellant that this section is not satisfied unless the undertaking be executed by the plaintiff, or some one in his behalf, and for that reason the proceedings under the writ in this case should have been set aside. The argument to sustain this contention is based largely on the construction given by this court to sec. 2731, R. S., in *Wiley v. C. Aultman & Co.* 53 Wis. 560. Such section requires that the affidavit for the writ shall be made by the plaintiff or by some one in his behalf, and the court held that it requires the affidavit, if not made by the plaintiff, to show that it was made by some one on behalf of the plaintiff, duly authorized. It must be observed that the statute in relation to the affidavit provides that plaintiff, or some one in his behalf, *shall make it,* while that relating to the undertaking provides that a written undertaking on behalf of the plaintiff shall be delivered, etc. Obviously one cannot make an affidavit without being a party to it, while an undertaking on behalf of a person may be given or delivered without his being a party to it at all. If the plaintiff delivers an undertaking with surety in the proceeding, as and for the undertaking which the statute requires, that is all that is necessary,

L. A. Shakman & Co. vs. Koch.

even by a strict construction of the statute. Such must unquestionably be so, unless the words " on behalf of " mean " execute," and we see no reason for holding that they do. If the legislative intent was to require the undertaking to be executed by the plaintiff or by some one in his behalf, it would have so provided as in sec. 1694, which requires the assignee in voluntary assignments for the benefit of creditors to deliver a bond duly executed with sureties. *T. T. Haydock Carriage Co. v. Pier*, 74 Wis. 582; *John V. Farwell Co. v. Arthur, ante*, p. 56.

The language, "give a bond or undertaking with sureties," is used many times in the statutes of this state, and has never been understood to require the person giving such bond to become a party thereto by executing it. In the action of replevin (sec. 2720) it is provided that, in order to authorize the taking of the property from the defendant, plaintiff must give an undertaking, with sureties, etc. Sec. 2722 provides for the return of the property upon the defendant giving an undertaking, with sureties, etc. In the proceedings on arrest and bail (sec. 2692) it is provided that plaintiff shall give an undertaking, with or without sureties, etc. The same language is used in sec. 2778, requiring an undertaking with surety upon granting an injunction. Also in sec. 3052, relating to the undertaking on appeal to the supreme court, the same language is used; and a great many other instances might be referred to, in none of which has it ever been held that the principal must sign the undertaking.

In *Bellinger v. Gardiner*, 12 How. Pr. 381, on the same subject, Mr. Justice DAVIES said, in effect: "It is manifest that 'on the part of plaintiff' or 'on behalf of plaintiff,' which are equivalent expressions, denote substitution; that the thing is to be done by others in behalf of, or on the part of, and not by the person himself. If the framers of the Code had intended that the undertaking should be executed by

plaintiff, they would have said so, and not used the expression 'on the part of,' or 'on behalf of.'" Our attention is called by appellant's counsel to *Richardson v. Craig,* 1 Duer, 666,— an earlier case,— where a different construction was given to the statute under consideration in *Bellinger v. Gardiner;* but, suffice it to say that case is referred to in numerous decisions in New York, is disapproved in substantially all, and has never been there recognized as authority. In *Askins v. Hearns,* 3 Abb. Pr. 184, EMOTT, J., says: "I cannot concur with the construction given to sec. 182 of the Code in *Richardson v. Craig.* I am unable, even by the strictest construction of the statute, to see how it can be said that an undertaking must be made by, in order to be on the part of, the plaintiff. I think the language of the section itself indicates that where sureties are required the statute is complied with by an undertaking by them without the signature of the plaintiff." DAVIES, J., in *Bellinger v. Gardiner,* in deciding the same question, said: "I have reflected upon *Richardson v. Craig,* and cannot reconcile it with the language of the Code. My high respect for the eminent jurist who gave the opinion, and for those who concurred in it, has led me to doubt the correctness of my own conclusions; but they are so clear to my mind, and sustained by the authority of this court, that I cannot hesitate to follow the latter." See, also, *Leffingwell v. Chave,* 19 How. Pr. 57, to the same effect, which is cited in 2 Wait, Prac. 151, as a correct exposition of the law and in accordance with the established practice. Similar language has received a similar construction in other jurisdictions. *Black Hills Mercantile Co. v. Gardiner,* 5 S. Dak. 246; *Howard v. Manderfield,* 31 Minn. 341; *Pierse v. Miles,* 5 Mont. 551.

This court passed directly on the question in *Conan v. Follis,* 61 Wis. 224, in construing the language of sec. 3092, R. S. That requires plaintiff to give *an undertaking with sureties* as a condition precedent to a second trial in an ac-

tion of ejectment.    Mr. Justice COLE, in delivering the opinion of the court, said: "The plain object of this provision requiring an undertaking to be given is the security of the party on granting a new trial.   This end is fully attained by an undertaking in due form, which was executed by two responsible sureties.   We therefore think that the undertaking signed by the sureties alone was sufficient."

The conclusion reached is that the words, "a written undertaking on the part of the plaintiff, with sufficient surety, shall be delivered to the officer," etc., clearly denote that the plaintiff is not a necessary party to the instrument, that, if the undertaking is signed by sufficient surety and is delivered to the officer who is to execute the writ, as and for the undertaking required by the statute, that is sufficient.

Power to make the order to sell the attached property when likely to perish or depreciate in value during the pendency of the issue is vested in the circuit court or judge by sec. 2740, R. S., to be exercised in his discretion whenever the facts exist specified in such section.   Such facts were made to appear in this case by sworn affidavits upon which the order of sale was made, and whether such affidavits were true or false cannot affect the order on motion to set it aside, made months after defendant must have known of its existence, and after the proceedings under it were practically concluded.

We are unable to perceive any reversible error in the record.

*By the Court.*— The order appealed from is affirmed.