South Milwaukee Boulevard Heights Co. vs. Harte.

SOUTH MILWAUKEE BOULEVARD HEIGHTS COMPANY, Appellant, vs. HARTE, Respondent.

*March 16 — April 7, 1897.*

*Pleading inconsistent defenses: Instructions.*

1. Under sec. 2657, R. S., a defendant may plead as many defenses and counterclaims as he may have, even though they are based upon inconsistent legal theories. With a defense of fraud for which he seeks a rescission of the contract sued on, and a counterclaim for payments made thereon, the defendant may, therefore, join a counterclaim for breaches of such contract, if held binding.

2. A refusal by the court to instruct the jury, as requested, that the defendant could not obtain a rescission of the contract for false representations nor recover on the counterclaim for money paid on such contract, if by the exercise of diligence he might have discovered their falsity, or if he failed to exercise his right to rescind within a reasonable time after the discovery, *held*, not to be error, where the general charge gave that instruction in substance.

APPEAL from a judgment of the circuit court for Jefferson county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

South Milwaukee Boulevard Heights Co. vs. Harte.

This is an action to recover the second instalment upon a land contract. On the 12th day of December, 1892, the plaintiff company entered into a written contract with the defendant to sell him a certain lot of land in the village of South Milwaukee for the sum of $375, to be paid in four equal annual instalments; the first instalment to be paid at the date of the contract, and others annually thereafter, with interest on the deferred payments. The defendant made the first payment of $93.75 at the date of the contract, but refused to make the second payment, which fell due December 12, 1893, and also refused to pay the taxes upon the lot for the year 1893, which by the agreement he was required to pay. Upon this refusal this action was brought to recover such second payment, with the amount of such taxes, with interest. The complaint is in appropriate form for the recovery of said sums. The answer sets up as a defense that the land contract was obtained by false and fraudulent representations to the effect that an adjoining block had been purchased and paid for in full by Frederick Pabst, who had agreed to build certain extensive buildings thereon in the following spring, and, further, that the plaintiff had entered into a bond to the county of Milwaukee to grade, gravel, and sidewalk the street upon which the lot was situated prior to May 1, 1895. The answer further alleged that the defendant had rescinded the contract. The answer also contained two counterclaims: First, a counterclaim to recover $93.75, paid at the date of the contract, with interest, on the ground that the contract was induced by false and fraudulent representations, and had been rescinded; and, second, a counterclaim to recover damages for breach of the contract, by reason of the failure of the plaintiff to grade, gravel, and sidewalk the street. The plaintiff, by his reply, alleged that the defendant, by his second counterclaim, waived any and all rights he may have had to rescind the contract, and that by such second counter-

claim he had affirmed and ratified said contract. Further replying, the plaintiff admitted that the grading, graveling, and laying of sidewalks upon said street had not been completed, but alleged that the work was progressing, and would be completed as fast as necessity existed.

Upon the trial the plaintiff demurred, *ore tenus*, to the answer and counterclaims, which being overruled, the plaintiff moved to strike out the defense because it was inconsistent with the counterclaims, and further moved that the second counterclaim be stricken out as inconsistent with the first counterclaim, all of which were denied by the court, and exception taken. The plaintiff also objected to the submission of any evidence on the first counterclaim, on the ground that the defendant was estopped by the admission of the second counterclaim, which objection was also overruled. The trial resulted in a verdict for the defendant, assessing his damages on the first counterclaim at $134.35, being the amount of the first payment with interest thereon from the time of the alleged rescission of the contract. From the judgment upon the verdict the plaintiff appealed.

For the appellant there was a brief by *Elliott & Hickox*, and oral argument by *E. S. Elliott*. To the point that the answer set up inconsistent claims which it was not the design of sec. 2657, R. S., to allow, they cited *Hartwell v. Page*, 14 Wis. 49; *Rheinhart v. Whitehead*, 64 id. 47; *Hooker v. Greene*, 50 id. 271; 1 Ency. of Pl. & Pr. 856; *Burnham v. Call*, 2 Utah, 433; *Brown v. Bowen*, 90 Mo. 190; *McClanahan v. West*, id. 322; *Steenerson v. Waterbury*, 52 Minn. 211; *Blodgett v. McMurtry*, 39 Neb. 210; *Pavey v. Pavey*, 30 Ohio St. 600.

*Geo. W. Bird* and *H. T. Ames*, for the respondent.

WINSLOW, J.  1. The appellant's first contention is that the second counterclaim is inconsistent with the defense and with the first counterclaim, and that the demurrers to the

defense and the first counterclaim should have been sustained, and no evidence received under them, on account of such inconsistency. This contention must fail. It is well settled that the defendant may plead as many defenses and counterclaims as he has, although they may be based on inconsistent legal theories. R. S. sec. 2657; *Bruce v. Burr*, 67 N. Y. 237; Pomeroy, Code Rem. (3d ed.), § 722, and authorities cited in note; Maxwell, Code Pl. 396, 397. This rule does not invade the general principle that the truth should be pleaded, nor the principle that an admission in an answer will not be affected by a repugnant denial in another part of the same answer. *Hartwell v. Page*, 14 Wis. 49. While authorities may be found stating, in general terms, that inconsistent defenses cannot be set up in the same answer, examination will show that these are generally cases where repugnant allegations of fact are contained in the different defenses, and where, consequently, the proof of one defense would necessarily disprove the other. There are in the present case no repugnant nor contradictory statements of fact. Indeed, the facts alleged in the defense and in the counterclaims are perfectly consistent and harmonious. The only object of the second counterclaim is to obtain damages for breach of the contract, should it be held that it was binding, and that there was no fraud. This, we hold, may properly be joined with a defense or counterclaim to avoid the contract on the ground of fraud.

2. The following instructions were requested by the plaintiff, and refused: "The defendant cannot, under the evidence, recover upon his first counterclaim, nor obtain a rescission on the grounds of false representations, if, by the exercise of diligence at the time and place said representations were made, he might have discovered that they were incorrect, unless prevented from the discovery of the truth by the artifice of the plaintiff. The defendant cannot recover if he failed to exercise his right to rescind within a reasonable

time after the discovery of the alleged defect." The court, however, in the general charge, instructed the jury as follows upon these subjects: "I will instruct you, gentlemen, generally, that a party must always exercise due diligence to protect himself from fraud, and by due diligence is meant such diligence as ordinarily prudent men would use; and he must also continue to use due diligence to protect his rights all through, and, if due diligence requires that he should make an effort to find out whether he is defrauded, he must use that diligence; and whether he did is a question of fact for you. It does not necessarily follow, because Capt. Pabst did not erect the buildings, or start to, in the spring of 1893, that the defendant was bound to know that he had not bought the lots, or bound himself to erect them. But you may take that into account, as a circumstance tending to open the eyes of the defendant and cause him to make inquiry as to whether Capt. Pabst had made the purchase. And a man must exercise ordinary diligence to protect himself from fraud in making contracts, and by ordinary diligence is meant such care and diligence as the great majority of mankind, or ordinarily prudent men, would exercise under like circumstances. And whether such ordinary care and diligence were in fact exercised is a question of fact for the jury, under all circumstances disclosed by the evidence in the case. So a party desiring to rescind a contract which he has been induced to enter into by fraud must, within a reasonable time after discovering the fraud, so signify to the other party, and this he may do by an ordinary notice. And what is a reasonable time is a question of fact for the jury, to be determined by the evidence in the case, and all the attending circumstances disclosed by the evidence." Conceding that the instructions asked were correct in law, we think the substance of them was fairly covered in the general charge.

3. A number of exceptions were taken to the rulings on

evidence. It does not seem necessary to state the points made. We have examined the rulings, and find no error.

' *By the Court.*— Judgment affirmed.