Gates, Appellant, vs. Avery, Respondent.

*November 9 — November 29, 1901.*

(1) *Appealable orders: Attachment.* (2-4) *Contracts: Pleading: Incon-
sistent defenses: Trusts: Personal liability of undisclosed benefi-
ciary: Evidence.*

1. An order granting a nonsuit in an action wherein lands were at-
tached does not have the effect to " set aside or dismiss a writ of
attachment for irregularity," and is therefore not appealable under
subd. 3, sec. 3069, Stats. 1898.

2. In an action to recover the first payment upon the purchase price of
an interest in land the answer consisted of a general denial and an
allegation that defendant had fully paid plaintiff all just, equi-
table, or legal claims or demands against him growing out of any
matters mentioned in the complaint.   *Held,* that the two defenses
were not inconsistent, and that the answer as a whole did not
admit the purchase of the land.

3. In such a case the evidence showed that both the contract of sale and the deed of the land ran to a third person as trustee, none of the beneficiaries being named, and that the trustee subsequently executed a declaration of trust in their favor. Defendant was one of such beneficiaries. *Held*, that he was not personally liable to the vendor upon the contract with the trustee, but that the latter held the legal title and was personally bound.

4. The only cause of action pleaded being upon the contract for the purchase of the lands, evidence that when the first payment on the lands became due the trustee gave plaintiff drafts drawn by defendant on a third person, which were not paid but were returned to defendant, and that he afterwards agreed to pay the same as soon as matters between himself and the trustee had been adjusted, was inadmissible as establishing a contract relation between the parties.

Appeals from orders and a judgment of the circuit court for Clark county: Chas. M. Webb, Judge. *Appeals from orders dismissed; judgment affirmed.*

Three appeals by plaintiff in the same action,— one from an order granting a nonsuit, another from an order refusing to vacate the former order, and the third from a judgment dismissing the action with costs. After the plaintiff's testimony was all in, the defendant made a motion for a nonsuit, and the court entered a formal written order granting the same. On the same day the plaintiff made a motion to set aside the order of nonsuit, and a written order was made denying the same. Both orders were duly excepted to. A judgment was then duly entered dismissing the action, with costs. The substantial question involved is whether the court erred in granting a nonsuit. The complaint is as follows:

" That there is now due, owing, and wholly unpaid from *Charles Austin Avery*, the defendant herein, the sum of seven thousand and seven hundred dollars ($7,700), the first payment upon the purchase price and interest thereon for a one-fifth interest in twenty thousand (20,000) acres of land in Clark county, Wisconsin, purchased by said *Charles Austin Avery* of said *James L. Gates.*"

The answer contained: first, a general denial; second, a plea of payment of "any and all just, equitable, or legal claims and demands which plaintiff may have had against him on account of the first payment upon the purchase price of the one-fifth interest in the twenty thousand acres of land mentioned in the complaint;" third, a former adjudication of the same cause of action; and, fourth, another action pending.

At the opening of the trial the plaintiff insisted that the answer admitted the purchase of the lands, and that defendant had the burden of proof. This contention was overruled. The plaintiff then offered in evidence a contract dated September 29, 1888, between plaintiff and Henry C. Parmly, trustee, which recited a former contract and a deed of certain lands to Parmly, and that the latter had paid plaintiff $22,500 in cash as one half of the purchase price thereof; also a deed, dated September 13, 1888, from plaintiff and wife to Henry C. Parmly, trustee, of a large tract of land, the consideration named being $45,000; also a declaration of trust signed by said Parmly, dated October 6, 1888, in which he declared that the defendant and others are copartners in the purchase of the lands described in the said deed, the defendant having a one-fifth interest. Some testimony was also offered, against defendant's objections, to the effect that, at the time the first payment was due on the purchase price of the lands, Parmly gave plaintiff drafts amounting to $4,500 drawn by defendant on one C. A. Avery, of Milwaukee, Wisconsin, which drafts had been presented and not paid, and had been returned to defendant, and that he afterwards agreed to pay the same as soon as he got the Parmly matter adjusted. Other evidence regarding litigation between the parties was offered, but is not deemed material.

The court made a written decision on the motion for a nonsuit, in which he held that the complaint was for a

specified sum on account of the purchase price of the one-
fifth interest in certain lands purchased by the defendant
from the plaintiff; that it was not shown that the defendant
was a party to the contract or deed of purchase, and that no
promise or undertaking on the part of defendant had been
shown that he would pay any part of the purchase price of
said land to plaintiff; that, while it was shown that the
defendant was one of several parties or beneficiaries for
whose benefit the trustee purchased the land, that fact did
not make them personally liable to the plaintiff on the con-
tract with the trustee; that, the plaintiff having elected to
sue upon the alleged contract of sale, the transactions re-
garding the giving and return of the draft did not create a
liability enforceable in this suit, and, the plaintiff not having
shown, any sale, or contract of sale, or liability of the de-
fendant thereon, the plaintiff was not entitled to recover in
this suit.

*Rublee A. Cole*, for the appellant.

For the respondent there were briefs by *S. M. Marsh*, at-
torney, and *James Wickham*, of counsel, and oral argument
by *Mr. Wickham*. They argued, among other things, that
*Gates* had made a written agreement with Parmly to pur-
chase and pay for this land. Parmly, and he alone, was in-
dividually liable on that agreement. *Taylor v. Davis's
Adm'x*, 110 U. S. 330; *Connally v. Lyons*, 82 Tex. 664, 27 Am.
St. Rep. 935; *Hewitt v. Phelps*, 105 U. S. 393; *New v. Nicoll*,
73 N. Y. 127; *Sanford v. Howard*, 29 Ala. 684, 68 Am. Dec.
101; *Johnson v. Leman*, 131 Ill. 609; *McLaughlin v. Winner*,
63 Wis. 120, 128. It was not the case of a party making a
contract with an agent for an undisclosed principal. So far
as *Gates* was concerned, Parmly was the only person inter-
ested, and was the principal. Besides, the beneficiaries were
not unknown or undisclosed to him, and, with full knowledge
of the facts, he made the contract with Parmly and elected
to consider him as the party liable, and he is the only one

liable upon the contract.   *Meeker v. Claghorn*, 44 N. Y. 349;
*Silver v. Jordan*, 136 Mass. 319; *Paige v. Stone*, 10 Met. 160;
*Ranken v. Deforest*, 18 Barb. 143; *Henderson v. Mayhew*, 2
Gill, 393, 41 Am. Dec. 434.

BARDEEN, J.   In his brief filed on the appeals from the
two orders in this case, the plaintiff offers no reason to sup-
port the same, save that the court erred in granting the
nonsuit.   The orders were not appealable unless they can
be brought under some one of the provisions of sec. 3069,
Stats. 1898.   On the argument his counsel attempted to
show that such appeals were justified under subd. 3, which
permits an appeal from an order which "sets aside or dis-
misses a writ of attachment for irregularity."   Having
secured an attachment of certain lands of defendant, his
theory is that the order of nonsuit had the effect to dissolve
and discharge the levy, and that, to preserve his attachment
under secs. 2748 and 3061, an immediate appeal was neces-
sary.   It is quite evident that plaintiff has not brought him-
self within the literal terms of sec. 3069.   The granting of
a nonsuit does not have the effect to "set aside or dismiss a
writ of attachment for irregularity," and there is no other
provision of the section applicable to the situation.   It is
perhaps unfortunate that the statutes make no provision
for the preservation of the attachment levy in cases of this
kind.   The view we have taken of the merits of this case
renders it unnecessary to treat this branch of it at length.
We are satisfied that the law does not make the order men-
tioned appealable.   If the plaintiff who has been defeated
desires to preserve the lien of his attachment, we know of
no more rational solution of the situation, in absence of fur-
ther legislation on the subject, than that suggested by
BUNN, J., in *Meloy v. Orton*, 42 Fed. Rep. 513.

Turning now to a consideration of the appeal from the
judgment, the plaintiff argues that the court erred in ruling

that he should assume the burden of proof. This is based upon the assumption that the answer, as a whole, admits the plaintiff's cause of action. We are satisfied that no such assumption is justified. The answer contains a general denial. This puts in issue every allegation of the complaint. It next says that the defendant·has fully paid plaintiff all just, equitable, or legal claims or demands against him growing out of any matters mentioned in the complaint. Under sec. 2657 a defendant may plead as many defenses as he may have, even though based upon inconsistent legal theories. *South Milwaukee B. H. Co. v. Harte*, 95 Wis. 592; Pomeroy, Code Remedies, § 722. The cases cited in Mr. Pomeroy's most excellent work indicate that a different rule prevails in but few of the code states. Minnesota is one mentioned as laying down a very strict rule against the pleading of inconsistent defenses, yet in *Steenerson v. Waterbury*, 52 Minn. 211, the court holds that a plea of payment in an answer is not inconsistent with a general denial, and does not control it. In the discussion it is said, "Separate and distinct defenses are consistent when both may be true, and are only held inconsistent when the proof of one necessarily disproves the other." We see no good reason why the two defenses may not be interposed and relied upon by the defendant, and therefore approve of the ruling of the trial court in this respect.

The nonsuit was based upon a failure of the proof to connect the defendant with the transaction set out in the complaint. The contract and deed put in evidence show a transaction with Parmly as trustee, but none of the beneficiaries are named in the instruments. No contract relation between plaintiff and defendant was shown. The subsequent declaration of trust executed by Parmly did not change the contract he had made, or create a contract between the parties to this suit. The trustee was not an agent. When a trustee contracts as such, unless he is bound no one

is bound, for he has no principal. He holds the estate to manage and control, and is personally bound by the contracts he makes, even when designating himself as "trustee." *Taylor v. Davis's Adm'x*, 110 U. S. 330. The complaint runs upon the theory of a purchase of land by defendant from plaintiff. The evidence failed to show any promise or undertaking on the part of defendant to pay any part of the purchase price. The fact that he was one of several beneficiaries interested in the trust estate did not make him personally liable to the plaintiff upon the contract with the trustee. It should be noticed that the deed to Parmly, trustee, fails to name the persons interested as beneficiaries in the trust estate. Such relationship, while known by the parties at the time of the transaction, was not formally declared until some time afterwards, when the declaration of trust was made and recorded. Under these circumstances, the legal title did not vest in the persons for whose use and benefit the conveyance was taken, as claimed by plaintiff. *Skinner v. James*, 69 Wis. 605; *Loring v. Palmer*, 118 U. S. 321. The action cannot be sustained on the theory that the defendant contracted with the trustee for the benefit of plaintiff. No such claim is made in the complaint, and the evidence does not support it. The evidence offered regarding the draft of $4,500 given by Parmly to plaintiff at the time the first payment for the land was made was improperly admitted. The trial court rightly refused to consider it as establishing a contract relation between the parties to this suit, under the allegations of the complaint. What their legal relations may be with reference thereto cannot be here considered, and the parties are left to settle that matter when properly drawn in controversy. Our conclusion is that the nonsuit was properly granted.

*By the Court.*— The appeals from the orders are dismissed, and the judgment dismissing the action is affirmed.