Arnold, Appellant, vs. Randall, imp., Respondent.

*January 13—April 19, 1904.*

*Deeds: Taking title in name of third person: Assumption of mortgage by grantee: Liability of real purchasers: Trusts.*

1. An agreement by the purchaser of land to assume and pay a mortgage thereon given by the vendor must, in order to be valid, be express. It cannot arise from any mere implication or legal imputation.

2. At the request of the purchasers of land, it was conveyed by the vendor to a third person, and by the terms of the deed the grantee assumed a mortgage on the land as a part of the purchase price. Said grantee, in fact, took title merely as an accommodation to the real purchasers, and afterwards conveyed to another at their request. There being no evidence of an express promise by such purchasers to pay the mortgage debt, there could be no implied promise upon which the mortgagee could sue. Their implied promise, if any, would be merely to pay the purchase price to the vendor.

3. Under sec. 2077, Stats. 1898, providing that no trust results in such a case, but that absolute title vests in the grantee except as against creditors, the purchasers cannot be held to be the real grantees so as to be bound by the declaration in the deed that the *grantee* assumed the mortgage.

4. Upon a conveyance of land to a trustee, not naming the beneficiaries, but vesting the legal title in him, the beneficiaries are not liable for any part of the purchase price upon the trustee's promise to pay.

Appeal from a judgment of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

In 1895 one Gray traded real estate with one Bird. The latter deeded the premises conveyed by him, at the request of Gray, to one Grady, inserting in the deed the usual exception from covenants of warranty of an existing mortgage of $1,500, as to which it was declared, "Which the second party assumes as part of the purchase price." The taking of title by Grady was as an accommodation to Gray, and the land was afterwards conveyed by Grady to another at Gray's request. The claim of the plaintiff is that at this time Gray

promised Bird, as a part of the consideration of transfer, that he and the respondent *Byron T. Randall,* who was interested with him in the transfer, would assume and pay the $1,500 mortgage. The mortgage in question was executed by Bird and wife to one William Schimmel. The latter commenced foreclosure of that mortgage a few months afterward against Bird and wife. On July 6, 1896, judgment was rendered for foreclosure, and directing personal judgment for deficiency against Jennie C. Bird and Charles H. Bird. A foreclosure and sale was had in October, 1897, the net proceeds of which above costs were $310.24. Upon report of that sale personal judgment was entered against Jennie C. Bird and Charles H. Bird for $1,682.78 on November 9, 1897. On November 28, 1899, William Schimmel, the plaintiff, executed a formal assignment, whereby he sold, assigned, and set over the said judgment, "and all claims and choses in action against said parties," to one Rudolph W. Schimmel. On September 14, 1900, Rudolph Schimmel, in consideration of the sum of $350, which was in fact paid him, executed, under seal, a satisfaction piece in which he declared that "I do hereby acknowledge payment and satisfaction of and do hereby release said defendants Jennie C. Bird and Charles H. Bird from said judgments." On March 26, 1901, Rudolph W. Schimmel executed, under seal, an instrument whereby he declared that he did thereby sell, assign, and set over unto *Mette L. Arnold* the indebtedness and deficiency existing and certain promissory notes made by Jennie C. Bird and Charles H. Bird (the mortgage notes), "and also the assumption and liability thereon of Thomas Grady and *Byron T. Randall* and Thomas Gray, and the deficiency judgment from them after such foreclosure." In 1896 William Schimmel had sued Grady upon his assumption of this indebtedness, and realized out of certain attached property $103.45.

The present action is at law, alleging that the purchasers

of the mortgaged premises from Bird were Gray and *Randall,* that said purchasers expressly assumed and agreed to pay the mortgage indebtedness, and demanding recovery of the amount due. The court found substantially the facts above stated, and also that Gray, acting for himself and *Randall,* made this trade; that the deed to Grady was for them, and without his knowledge and consent, except that he had generally consented that his name might be used for such purposes; that Gray agreed that the purchasers would, as part of the consideration, assume the payment of said mortgage indebtedness, and that Thomas Gray, on his own behalf and on behalf of said *Byron T. Randall,* as part consideration, assumed the payment of said mortgage and taxes; that *Randall* never personally made any promise to pay it, but that he received into his possession the deed running to Grady, with knowledge of its contents.

As conclusions of law the court found that Gray and *Randall* became personally liable for the mortgage indebtedness, but that the release and satisfaction executed by Rudolph W. Schimmel was effective to release the entire judgment and the indebtedness evidenced thereby, not only as against Bird, but as against all others liable for the same indebtedness. Accordingly judgment dismissing the complaint was entered, from which the plaintiff brings this appeal.

The cause was submitted for the appellant on the briefs of *Arnold & Arnold* and *Wm. M. Steele.*

*A. C. Titus,* for the respondent.

The following opinion was filed February 2, 1904:

DODGE, J. The conclusion of the trial court that the written and sealed satisfaction of the judgment against Mr. and Mrs. Bird released any liability for the same debt resting upon Gray and *Randall* is vehemently assailed, and we confess to much doubt whether it could be sustained. If Gray and *Randall* had validly assumed that indebtedness, they had

become the principal debtors, and Mr. and Mrs. Bird mere sureties. *Stites v. Thompson,* 98 Wis. 329, 73 N. W. 744. That the release of a surety upon only partial payment discharges the entire debt as against the principal is a proposition which, to say the best for it, is involved in too much doubt to be readily accepted. We shall not, however, deem necessary decision of such question, for we have reached the conclusion that the judgment is right on other grounds.

The court has found, in effect, that Gray was agent for appellant, *Randall;* that they together were the "purchasers" of the mortgaged premises from Bird, and that Grady had no interest in or relation to it except that the land was conveyed to him in name, pursuent ·to a custom of Gray's to which he had assented, it being tacitly understood ·that he would convey the land at Gray's request. To this extent we shall find it unnecessary to question the findings, though quite vigorously assailed by respondents. All this, however, would not support any conclusion of law that *Randall* had agreed to pay Bird's mortgage debt to William Schimmel. Such agreement, to be valid, must have been express. It could not arisè from any mere implication or legal imputation. *Tanguay v. Felthousen,* 45 Wis. 30; *Electric A. Co. v. United States F. & G. Co.* 110 Wis. 434, 85 N. W. 648. But the court found ostensibly as a fact that "Gray, on his own behalf and on behalf of said *Byron T. Randall,* as part of the consideration, assumed the payment of said mortgage and taxes." This finding, if it means that Gray in express words so agreed, might well support *Randall's* liability, the agency being established. The respondents, however, challenge this finding by an exception, and have brought up all the evidence by bill of exceptions. Examination of that evidence discloses that only Gray and Charles H. Bird were in any wise connected with the making of the bargain or testify with reference to it. Nowhere in the testimony of either is any statement made that Gray at any time said that he or he and

*Randall* would assume. The nearest approach thereto is the statement of Bird that he told Gray that the mortgage must be assumed. He does not say by whom, but in that connection declares that he insisted on having an agreement to assume put in the deed, and that he either wrote it in himself or had it done at his direction. The only time he attempts to state the person who was to assume he describes him as the "grantee" in the deed. He also declares that he knew whom the deed was to run to, namely, Grady, and he made some inquiry as to Grady's responsibility. Neither of these two witnesses, though evidently favoring the plaintiff to the utmost, suggest any understanding that Gray made any promise, or that either had any understanding, that any one except the grantee in the deed, Grady, was to assume this debt. Of course, if Bird chose to be satisfied with an assumption by Grady, or even if he was induced to be so satisfied by concealment of the true purchaser, or even by fraud, the mortgagee, Schimmel, or his assigns, could have no ground of complaint. He was no party to the transaction, and his situation was in no wise changed in reliance upon it. He is the merely accidental beneficiary of whatever agreement Bird did in fact make. We can find no evidence of any agreement for payment of this mortgage debt, except that written in the deed, to the effect that Grady should do so. Plaintiff's assignor has adopted that agreement, sued and recovered judgment against Grady, and collected from him at least in part.

But, indeed, the appellant does not attempt to point us to any specific word of evidence that Gray, either on behalf of himself alone or conjoined with *Randall,* made any express promise to pay this mortgage debt, although he does assert generally that the finding is supported by the evidence. The burden of his argument is cast upon the contention that, because the grantee, Grady, was a mere nominal party, the real parties in interest must be held liable upon the duty of payment assumed by him. The grounds of this contention are

not very clear, but one of them seems to be that the real pur-
chaser of an article is liable for the purchase price when he
is discovered, though no promise to pay it has been expressly
made on his behalf; citing *Coverly & Co. v. Braynard,* 28
Vt. 739.   Let this be conceded, and it does not help the
plaintiff.   If such real purchaser is liable, he is so only upon
a promise implied by law, and that promise would be merely
to pay the purchase price to the seller.   It is upon that prin-
ciple that this court has held so definitely that there can be
no implication of any promise to pay to a third person such
as to enable that person to sue directly upon it.

Appellant also urges that, although the only contract was
that in the deed, namely, that the *grantee* should assume the
mortgage debt, still Gray and *Randall* must be liable, for
they were the real grantees.   But were they ?   Counsel cites
to us *Connor v. Jones* (S. D.) 72 N. W. 463, which supports
both the premise and the conclusion.   That case, however,
rests upon a statute diametrically different from our own.
Sec. 3708, S. Dak. Stats. (1901), provides that upon convey-
ance to one upon consideration paid by another a trust is
presumed in favor of the latter, which, by virtue of other sec-
tions, is at once executed, so that the latter becomes vested
with the legal title, and may very properly be designated the
real grantee in the deed itself.   Quite otherwise in Wisconsin,
where, by virtue of sec. 2077, Stats. 1898, no trust results
under like circumstances, but absolute title vests in the
grantee named, except against creditors.   Under our statutes
neither Gray nor *Randall* acquired anything by the deed to
Grady.   He became the absolute owner, to do as he pleased
with the land.   If they ever acquired it, they must do so by
contract with him, and upon such terms as he should fix.   It
rested with him to insist on their assuming the burden of the
mortgage debt or dispensing with such assumption when he
conveyed at their request, if, indeed, he so conveyed at all.
For this reason the South Dakota case is no authority for

appellant's assumption that *Randall* and Gray were the real grantees in the deed to Grady. On the contrary, we deem it entirely plain that they were not. Apart from that consideration, however, their liability for any of the purchase price for property conveyed to a trustee for them upon the trustee's promise to pay is negatived by *Gates v. Avery,* 112 Wis. 271, 87 N. W. 1091, which we deem conclusive against this branch of appellant's argument.

We are therefore constrained to the conclusion that the trial court's finding that Gray or *Randall* assumed and agreed to pay Schimmel's mortgage, as a finding of fact, is wholly unsupported by any evidence, and as a conclusion of law from facts which did exist is unwarranted and erroneous. Hence judgment dismissing the complaint was correct.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied April 19, 1904.