DAVIS, Appellant, vs. SCHMIDT and others, Respondents.

*November 18, 1905—January 9, 1906.*

*Former judgment: How far binding: Pleading: Sales: Fraud: Elec-
tion between remedies: Action for damages: Amendment of
complaint: Joint and several note: Actions: Parties.*

1. In an action upon a promissory note an admission in the answer
that judgment for one year's interest had been recovered
against defendants does not preclude them from disputing
plaintiff's right to recover on the note, where there is nothing
to show that such judgment was recovered on the merits, or
that the defense now set up was litigated or determined in the
prior action.

2. After the giving of a promissory note for the purchase price of
a horse the makers brought an action for damages against
the payee, alleging that they were induced by his false repre-
sentations to make the purchase and that their signatures to
the note were obtained by fraud. They did not offer to return
the horse. *Held*, that the commencement of that action, even
though there was no recovery therein, was an affirmance of the
sale and an election of the remedy by way of damages, and
precluded the makers from afterwards defending against the
note on the ground of said fraud.

3. The effect of the commencement of such action for damages, as
an election between remedies, would not be altered by an
amendment of the complaint changing the cause of action.

4. The holder of a joint and several note may sue one maker alone
upon one cause of action arising out of the note and all makers
jointly upon another such cause of action.

5. A former adjudication is admissible in evidence although not
pleaded.

6. A judgment for one year's interest against one of the joint and
several makers of a note is binding upon that maker in a sub-
sequent action upon the note against all the makers, as to all
issues actually litigated and determined in the prior action.

APPEAL from a judgment of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to recover upon a joint and several
promissory note against W. C. Zachow, indorser, and the other

defendants, makers, which note was executed on the 23d day of March, 1903, payable to Mose Goldberg or bearer. By the terms of said note, $800, the first instalment, fell due September 1, 1904. It is alleged in the complaint that at the time plaintiff purchased the note there was indorsed upon the back thereof two payments of $200 each. Due protest is alleged and that there is due $400, balance of the first instalment, with interest. The complaint further alleges that the plaintiff has recovered judgment for one year's interest against the defendants upon the whole amount of the note.

The defendant Zachow, indorser, did not answer, and the answer of the other defendants denies generally the allegations of the complaint, and alleges that the indorsements upon the note were falsely and fraudulently made, and admits that judgment was recovered for one year's interest against the defendants before a justice of the peace of Oconto county, but alleges that an appeal has been taken from said judgment to the circuit court. The answer further alleged that the signatures to said note were procured by the payee, Mose Goldberg, by fraud, deceit, and fraudulent representations as to the character of the paper.

The case was tried by the court and a jury, and at the close of the testimony the plaintiff moved that a verdict be directed for him, which motion was denied. The jury returned a verdict against defendant W. C. Zachow, and in favor of all other defendants, makers on said note. Motion to set the verdict aside and for a new trial was denied, and judgment rendered upon the verdict, from which this appeal was taken.

For the appellant there was a brief by *Wallrich, Dillett & Larson*, and oral argument by *H. S. Larson*.

For the respondents there was a brief by *Dreier & Winter*, and oral argument by *P. J. Winter*.

KERWIN, J. 1. Error is assigned in denying plaintiff's motion that a verdict be directed in his favor. It is contended

by appellant that, because the answer admits that judgment
was recovered for one year's interest against defendants, the
determination of the court in such action for the recovery of
interest is conclusive between the parties and their privies,
and that the defendants cannot now question the plaintiff's
right to recover on the note in suit. The answer denies gen-
erally the plaintiff's right to recover, and the admission in the
answer that judgment was recovered for one year's interest
upon the note in suit is not sufficient to conclude the defend-
ants in a suit on a different cause of action, where it is not
alleged that the same matters were litigated or determined in
the suit for interest. There is nothing in the allegation of
the complaint, nor the admission in the answer respecting the
recovery of judgment, which shows that the judgment was re-
covered upon the merits, or that the defense interposed in such
action for the recovery of interest was the same as the defense
in this action. The mere allegation of the recovery of inter-
est in the complaint and the admission thereof in the answer
is not sufficient to conclude the defendants in this action. It
does not appear from the pleadings that the defense set up
here was litigated or determined in the former action. Hence
the judgment in the former action upon a different cause of
action is not binding here. *Wentworth v. Racine Co.* 99 Wis.
26, 74 N. W. 551; *Cromwell v. County of Sac,* 94 U. S. 351;
1 Van Fleet, Former Adj. § 30.

It is further claimed that defendants, with full knowledge
of the facts and having more than one remedy, elected their
remedy by commencing suit against L. M. Goldberg Company,
which remedy is inconsistent with the defense now set up,
and therefore they cannot maintain their present defense to
this action. It appears from the record that the note in suit
was given for the purchase price of a stallion, which was de-
livered about the time of the execution of the note. About
six months afterwards the makers of the note commenced an
action against L. M. Goldberg Company,—a copartnership
composed of L. M. Goldberg, C. A. Finisterwald, and Mose

Goldberg, payee in' said note,—to recover damages for breach
of warranty in the sale of the horse for which the note was
given.   In short, it was claimed that the defendants here were
induced to purchase the stallion relying upon the warranties
and representations of the payee, which were false, and that
the horse was falsely represented to be worth $2,600, when in
fact it was worth not to exceed $50, and that the purchase
price, $2,600, was paid in the shape of the promissory note
in suit, the signatures to which were obtained by fraud, in con-
sequence of which plaintiffs (defendants here) sustained dam-
ages in the sum of $2,600, for which they demanded judg-
ment.   The record does not disclose that the defendants ever
returned or offered to return the stallion, or ever rescinded the
contract of purchase, and the action commenced by them for
the recovery of damages clearly evinced their intention to
stand upon the suit for damages for breach of the contract,
and not upon rescission.  They could only recover in the action
for damages upon the theory that they were liable upon the
note, and clearly this was the basis of their damages.   Had
they recovered in the suit commenced for damages it is very
clear they would be liable upon the note.   They could not
have their damages, which, in effect, were based upon the con-
sideration of the note, and also escape the payment of it.   The
two remedies would be clearly inconsistent, and the defend-
ants here, having elected their remedy by suing for damages,
elected to affirm the sale.   *Rowell v. Smith,* 123 Wis. 510,
102 N. W. 1; *Smeesters v. Schroeder,* 123 Wis. 116, 101 N.
W. 363, and cases cited in opinion; *Moller v. Tuska,* 87 N. Y.
166; *Rodermund v. Clark,* 46 N. Y. 354.   As said in *Roder-
mund v. Clark,* 46 N. Y. 354, 357:

"Any decisive act of the party, with knowledge of his rights
and of the fact, determines his election in the case of conflict-
ing and inconsistent remedies."

Here, upon the facts appearing in the record, the action of
the defendants in commencing suit for breach of warranty was
consistent with no other theory than an affirmance of the sale,

the consideration of which was the $2,600 note. Therefore we see no escape from the conclusion that in the commencement of such action with knowledge of the facts, or at least reasonable means of knowledge, the defendants here elected their remedy and are bound by such election.

It is claimed by counsel for respondent that the doctrine of election of remedies does not apply to a defendant, and that a defendant may set up and maintain in the same answer as many defenses as he may have, whether they be consistent or not; and he cites *South Milwaukee B. H. Co. v. Harte,* 95 Wis. 592, 70 N. W. 821; *Kerslake v. McInnis,* 113 Wis. 659, 89 N. W. 895; *Gates v. Avery,* 112 Wis. 271, 87 N. W. 1091. In *South Milwaukee B. H. Co. v. Harte, supra,* it appears that the defenses were not inconsistent in their facts. They were set up in the answer and submitted to the court for its determination, and in referring to the doctrine that defenses must be consistent the court said (95 Wis. 595, 70 N. W. 822):

"This rule does not invade the general principle that the truth should be pleaded, nor the principle that an admission in an answer will not be affected by a repugnant denial in another part of the same answer. . . . While authorities may be found stating, in general terms, that inconsistent defenses cannot be set up in the same answer, examination will show that these are generally cases where repugnant allegations of fact are contained in the different defenses, and where, consequently, the proof of one defense would necessarily disprove the other."

In *Gates v. Avery, supra,* the defenses claimed to be inconsistent were a general denial and payment in full, and it was held that the two defenses were not inconsistent. A general denial and plea of payment were clearly not inconsistent defenses. In *Kerslake v. McInnis, supra,* it was claimed that inconsistent defenses were included in the plaintiff's reply; but it is said that there was, however, but one defense relied upon and submitted to the jury, and that no objection was

made to the form of the pleading on the trial.    It does not appear in any of these cases that a deliberate election was made before suit brought, and hence we do not regard the cases in point.    While considerable latitude is allowed in setting up defenses where they are not inconsistent in their facts, although possibly they may be in legal theory, the cases are quite different from the one before us, where the contract was deliberately affirmed and the election made to seek the remedy for damages on the theory that a contract existed and that there had been a breach of it.    *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246.

It is said by counsel that defendants, under the statute, had a right to avail themselves of any defenses, whether inconsistent or not; but the facts show that their alleged defense to the note was not a defense at all, since they had affirmed the contract, failed to return the horse, and elected to stand upon their right to recover damages before action brought. This absolutely deprives them of the defense upon the note which in the case before us they sought to make.    *Bostwick v. Mut. L. Ins. Co., supra.*

Some eight months after the complaint in the suit against Goldberg Company was sworn to, plaintiffs sought to amend the same by setting up that $400 had been paid on the note before the plaintiffs in that action had knowledge of the fraud, and claimed $1,000 special damages for loss of profits because the horse was not as represented, and $1,200 for costs and expenses imposed upon them in defending lawsuits through the alleged fraud and deceit.    But it will be seen that this amendment did not materially change the original complaint.    It was still a complaint for damages on the contract, and, even if it did change the cause of action to a different one from that set up in the original complaint, it would not avail the defendants, since they elected their remedy when they affirmed the contract and commenced their action for damages.    It appears from their original complaint, as well as from the rec-

Davis v. Schmidt, 126 Wis. 461.

ord in this action, that they had knowledge, or at least reasonable means of knowledge, of the alleged fraud at the time such complaint was made, and were then bound to elect whether they would stand upon the contract or repudiate it. *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.

Counsel for respondent also invokes the doctrine that where there is but one remedy there can be no election, citing *Fuller-Warren Co. v. Harter,* 110 Wis. 80, 85 N. W. 698. It will be seen, however, that the doctrine of this and other cases to the effect that where one supposes he has a certain remedy and pursues it, when such supposed remedy does not in fact exist, he is not precluded from pursuing the remedy which he in fact has, does not apply. The respondent does not come within this rule, for the reason that in the instant case he had two remedies which were inconsistent, therefore the choice of one forever precluded him from pursuing the other. The distinction is clearly pointed out in the late case of *Rowell v. Smith, supra,* as well as in *Fuller-Warren Co. v. Harter, supra,* and further discussion would seem unnecessary.

2. Error is assigned because the court rejected evidence offered by the plaintiff of the judgment rendered in justice's court against defendant *Herman Yakel* for the first year's interest due upon the note in suit. The offer of evidence was to the effect that the suit had been commenced and that *Yakel* appeared therein by his attorneys, and that the defenses interposed and issues in the action were the same as the defenses and issues interposed by the defendant *Herman Yakel* in this action. This evidence was objected to and ruled out. It is claimed by counsel for respondents (1) that the action against *Yakel,* he being a joint maker on the note with the other defendants, was a bar to the present action against all defendants; (2) that the evidence was not admissible, because the facts were not pleaded by the plaintiff. The note in question was joint and several. The suit commenced against *Yakel* for interest was upon a separate and independent cause of action.

The instant suit for balance due upon an instalment was also upon a separate cause of action. The plaintiff had a right, where the obligation was joint and several, to sue any one separately or all jointly. So he had a perfect right to sue severally on one cause of action growing out of the note, and jointly on another. We do not deem it necessary to enter into a discussion of the authorities referred to by counsel for respondents under this proposition. They refer to suits commenced on a joint obligation. It is not necessary here to discuss the question whether, if the note were a joint note and a suit had been commenced against one joint maker, a joint suit could be afterwards maintained against all upon the same cause of action. We think the position of counsel for respondents on this proposition is untenable, and do not deem it necessary to further discuss it.

It is further claimed that evidence of the suit against *Yakel* could not be interposed, because no proper foundation had been laid in the complaint. True, facts which amount to an estoppel *in pais* must be pleaded if there be an opportunity to plead them, but the former adjudication is admissible in evidence without pleading it. *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589; 2 Herman, Estoppel, § 1261; *Southern Pac. R. Co. v. U. S.* 168 U. S. 1, 55, 18 Sup. Ct. 18. The evidence, therefore, should have been admitted as evidence of a former adjudication against him. The offer was to show a judgment against *Yakel* and not against all of the defendants, and, it appearing that the other defendants were neither parties nor privies in such action, the judgment would not be binding upon them, and the question arises whether it was binding upon *Yakel* upon a different cause of action. The rule is that, where the causes of action are different, a former adjudication between the same parties is binding only as to matters actually litigated and determined. It was stated in the offer that the same defenses were made and the same matters in issue in the suit against *Yakel* as in the instant suit,

and that judgment was rendered in that action against defendant *Yakel*. From this it would appear that the offer was competent and the evidence should have been admitted. *Cromwell v. County of Sac*, 94 U. S. 351. It is quite apparent from the offer that the purpose of plaintiff's claim under it was to show that a trial was had in the former suit against *Yakel* upon the same issues, and that the same issues were actually litigated, tried, and determined in that suit as set up in the present suit. Evidence was admissible to show these facts and should have been admitted. Had the plaintiff succeeded in proving his offer to the effect that the same issues were raised, litigated, and determined in the suit against *Yakel* for interest, such judgment would have been binding upon defendant *Yakel* in this action. *Wentworth v. Racine Co.* 99 Wis. 26, 74 N. W. 551; *Cromwell v. County of Sac, supra*.

3. The third error assigned has reference to the charge of the court to the jury respecting the fraud and duress in procuring the signatures to the note, and whether the makers knew the nature of the instrument, or could have obtained knowledge by the use of ordinary care. From the view we have taken of the case it becomes unnecessary to consider this assignment of error. It does not appear that defendants ever returned or offered to return the horse or rescinded the contract, but with knowledge or reasonable means of knowledge of the facts commenced their action to recover damages based upon the existence of a contract which they claimed they were induced to make by fraud and deceit, the fruits of which contract, so far as the record shows, they still continued to hold at the time of the commencement of the action for damages. In doing so they affirmed the validity of the contract made, which resulted in the giving of the note in suit. The commencement of the suit was as effectual in determining their position as though they had recovered the damages which they claimed, and it is very clear that, if they had succeeded in re-

covering such damages, they would have no standing in their defense to the note. After the evidence was in, counsel asked that a verdict be directed for plaintiff, which was denied. We think this was error, and that upon the showing made the plaintiff was entitled to judgment against all defendants.

*By the Court.*—Judgment of the court below is reversed, and the cause remanded with instructions to enter judgment for plaintiff against all the defendants.