DANISCHEFSKY, Plaintiff and Appellant, vs. KLEIN-WATSON COMPANY, Defendant and Respondent, WETTSTEIN, Receiver and Intervening Respondent.

*September 15—October 11, 1932.*

212

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe* of counsel, and oral argument by *John H. Casey,* all of Milwaukee.

For the respondent Klein-Watson Company there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

*I. A. Dinerstein* of Milwaukee, for the receiver and intervening respondent.

ROSENBERRY, C. J.   After the appeal in this case was taken, Ralph A. Wettstein, Esq., was appointed receiver of

the defendant Klein-Watson Company and as such receiver moved for leave to intervene as a party defendant in this action. The original order appointing Mr. Wettstein receiver was in general terms. By a subsequent order, however, dated August 25, 1932, the court directed that "the Klein-Watson Company or sheriff of Milwaukee county shall not be required to deliver or transfer those certain vouchers, warrants, orders, checks, funds, or assets declared to be trust funds under the terms of subsection 4 of section 289.53, Wisconsin Statutes, by the circuit court in the order dissolving the attachment in the case of Henry Danischefsky, etc. v. Klein-Watson Company, until the determination of the appeal of the said order which is now pending in the supreme court of Wisconsin, when further hearings and orders with reference to the disposition of said funds may be had and made."

The motion of Mr. Wettstein has been granted and he is made a party defendant in this action.

There was a motion to dismiss the appeal from the order in this case upon the ground that the order was not appealable. Under the provisions of sec. 274.33, Stats., it was argued that no appeal lies from an order discharging the levy of an attachment; that the entire subject of appeals in so far as it deals with attachments is covered by sub. (3), sec. 274.33, which permits an appeal to this court when an order grants, refuses, continues, or modifies a provisional remedy or sets aside or dismisses a writ of attachment for irregularity. It is contended that the reference to the dismissal of a writ of attachment for irregularity is plainly inapplicable because the discharge of the levy has no effect upon the writ. *Gallun v. Weil,* 116 Wis. 236, 92 N. W. 1091.

It was further contended that the order is not appealable on the theory that it grants, refuses, continues, or modifies a provisional remedy, for the reason that the next clause of

this subsection, having dealt with the subject of attachment, cannot be included in the general language of the statute.

It was also argued that the fact that the levy of an attachment was destroyed by an order of the court does not make the order appealable unless it sets aside or dismisses the writ for irregularity. *Gates v. Avery,* 112 Wis. 271, 87 N. W. 1091.

It was argued on behalf of the plaintiff that under sec. 274.33 (3), which provides that an appeal lies from an order which refuses or modifies a provisional remedy, the order was appealable. Plaintiff cites *L. A. Shakman & Co. v. Koch,* 93 Wis. 595, 67 N. W. 925; *Couldren v. Caughey,* 29 Wis. 317; *Howell v. Kingsbury,* 15 Wis. *272, 299.

It is true that *Gates v. Avery, supra,* holds that an otherwise non-appealable order will not be made appealable by reason of the fact that it indirectly accomplishes the discharge of a levy. The court had under consideration in that case an order granting a nonsuit upon which judgment had been entered, from which an appeal had also been taken. The attachment was dissolved because the principal action failed, not because a provisional remedy had been refused or modified. It is considered that, on principle, sub. (3) applies to the situation here; that the order appealed from in effect refuses a provisional remedy under the cases cited by the appellant. If it does not refuse the remedy, it in effect at least modifies it by discharging the levy and compelling the attaching creditor to seek other property. It is held that the order is appealable and the motion to dismiss the appeal is denied.

The claim that the funds represented by the orders are a trust fund arises under the lien statute, sec. 289.53 (4), which provides:

"All moneys, bonds or warrants paid to, or to become due to any principal contractor or subcontractor for public

improvements shall be and constitute a trust fund in the hands of such principal contractor or subcontractor; the using of such moneys by such principal contractor or subcontractor for any purpose other than the payment of all claims on such public improvement so far as such moneys will pay the same is hereby declared to be an embezzlement of said moneys punishable as provided by law in case of embezzlement."

Prior to the enactment of this statute, contractors had in many cases received funds from municipalities which were not subject to garnishment and upon whose property workmen and materialmen had no right to a lien, and instead of disbursing the funds to discharge claims of workmen and materialmen the fund was diverted by the contractor to other purposes which had no connection whatever with the contract with the municipality. In order to insure payment to those who, if the owner had not been a municipal corporation, would have been entitled to a lien, this statute was enacted. While the language is very broad and all-inclusive, it must be construed with reference to the subject matter to which it was intended to apply and in the light of the purpose which the legislature intended to accomplish. It is quite apparent that the statute was enacted for the protection of materialmen and workmen and not for the protection of contractors. It was not intended to be a shield to enable a contractor to defeat claims of other creditors where there were no outstanding obligations of the kind described in the statute due to workmen or materialmen.

It is equally apparent that a trust cannot be created without a beneficiary. It nowhere appears that there are any unpaid claims due to workmen or materialmen on account of work done or materials furnished to the contractor. Therefore no trust can or does arise and the fund is freed from the operation of sec. 289.53 (4), and in the hands

of the defendant it has the same status that it would have had had sec. 289.53 (4) not been enacted.

The defendant next contends that under ch. 266, Stats., relating to attachment, county orders are not liable to be attached. Sec. 266.12 provides:

*"What may be attached.* All the property in the state of the defendant named in the writ, not exempt from execution, shall be liable to be attached. Rights or shares in the stock or property of any association or corporation, with the interests and profits thereon, and other personal property shall be attached in the same manner in which an execution may be levied on the same and the provisions respecting the levy of an execution thereon shall be applicable to the execution of an attachment."

The trial court held that sec. 272.25 was applicable to attachments. Ch. 272 is entitled "Executions" and relates to the manner of enforcing judgments, prescribes what property is exempt and how officers are to proceed in certain cases.

"Section 272.25 *Money to be applied; bills to be sold.* Upon executions against property the officer shall levy upon any current money of the United States and shall pay and return the same as so much money collected without exposing the same for sale, and he may also levy upon and sell any bills or other evidences of debt issued by any moneyed corporation and circulated as money, or a bond or other instrument for the payment of money which was executed and issued by any person, government, state, municipal or other corporation and is in terms negotiable or payable to the bearer or holder."

It is argued that county orders being non-negotiable may not be levied upon and sold under an execution. It is considered that sec. 272.25 does not operate to limit the language of sec. 266.12. It is apparent, therefore, that under the language of sec. 266.12 county warrants are subject to attachment inasmuch as they are the property of the defendant and not exempt from execution. The fact that rights

and shares and other personal property shall be attached in the same manner as an execution may be levied does not import into the statute the provisions of sec. 272.25 and so limit what may be subject to attachment. This seems to be indicated by other provisions of ch. 266. Sec. 266.01 provides:

"Any creditor shall be entitled to proceed by attachment . . . against the property of his debtor . . . in the cases, upon the conditions, and in the manner prescribed in this chapter."

The chapter also contains provisions as to the manner of attaching real estate, the disposition of perishable property. In this connection the provisions of sec. 266.23 are very significant. It relates to the satisfaction of judgment for plaintiff and provides:

"When the plaintiff shall have recovered judgment in the action the sheriff or officer shall satisfy the same out of the property attached or received from any garnishee or otherwise, if sufficient therefor:

"(1) . . .

"(2) By selling, under such execution as may be issued on such judgment, so much of the attached property, real or personal, as shall be necessary to satisfy the balance unpaid, according to the provisions regulating sales upon execution; except as provided in subsection (4) hereof.

"(3) . . .

"(4) Until the judgment against the defendant shall be paid the sheriff may proceed to collect the evidences of debt that may have been seized or attached by virtue of the writ of attachment or that may have been delivered up by any person summoned as garnishee," etc.

When seized on execution evidences of debt must be sold. Sec. 272.25. The sheriff is not authorized to retain them for purposes of collection. It seems clear that evidences of debt not subject to sale upon execution may be held and collected by the sheriff in attachment proceedings. Reference is made in sec. 266.12 to the chapter relating to execu-

tions, not to determine *what* may be attached but to prescribe the *manner* in which property may be attached and applied upon the judgment.

It is considered, therefore, that the county warrants were a proper subject of attachment proceedings. Holding as we do that sec. 272.25 is not applicable, we do not reach the question of whether or not the securities in question might be subject to seizure upon execution.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.