Shaw, C. J.
The present case seems to have been presented to the jury as a question of fact, upon very conflicting *515 evidence, upon the point that .the note in question was an accommodation note, made and delivered by the defendant to the plaintiff, without consideration, and as a loan; and if it was so, in a suit by the promisee against the promisor, this would, without doubt, be a good defence. But the evidence is not reported with a view to enable this court to judge of its weight, and perhaps it is not all reported; and we must confine ourselves strictly to questions of law arising on the bill of exceptions.
It has been elaborately argued that Dodge, called as a witness by the plaintiff, was incompetent by reason of his being indorser of the writ. The actual indorsement on the writ is stated, but whether it rendered the witness liable as indorser, we give no opinion. It appears to be a case where no in-%1< ‘rsement was required by the statute; Rev. Sts. c. 90, § 10 ; because, though the plaintiff was out of the commonwealth, when the suit was commenced", yet he was an inhabitant, and so described in the writ. But it does not appear by the exceptions, that the objection was taken to the competency of the witness on the ground of his being indorser of the writ, at the trial. This is the more important, indeed it is essential, because, as the law now stands, Rev. Sts. c. 90, § 12, the court, on motion of the plaintiff, may permit the name of an indorser to be struck out, and a new indorser substituted, by which his competency would be restored, as in case of surrender of a defendant in court by his bail; though as the law formerly stood, a new indorser could not be thus substituted. Ely v. Forward, 7 Mass. 25; Caldwell v. Lovett, 13 Mass. 422.
2. The main ground relied on by the defendant was, that the witness had an interest in the note, and in this suit to recover the amount of it; and that this resulted as a conclusion of law from the facts.*
Whether the note was an accommodation note, lent by the defendant to the plaintiff, and without consideration, was the *516 great question contested, and was a question of fact properly left to the jury on the evidence.
The facts stated by the witness are, that although he directed the commencement of the suit, he did it as the agent of the plaintiff; that the plaintiff had reimbursed him all costs advanced by him; and that he had no interest in the note. Taking these facts to be true, of which the judge at nisi priiis must judge in the first instance, then the suit was commenced and earned on by the nominal plaintiff, Snow, by his agent, either by prior authority or subsequent ratification. It must be taken primd facie as the suit of Snow, brought in his own name, for his own benefit, until the contrary appears by evidence.
It appears that the note in question had been once indorsed by the plaintiff to a bank, as collateral security for a note of his, on which Dodge the witness was indorser; that Dodge afterwards took up and paid the note on which he was indorser, and then received this note into his possession; and the defendant insists, that thus an equitable interest arose in this note, as against Snow the plaintiff, in favor of the witness, jure subrogationis, to reimburse the amount thus paid for him. But whatever might be the right of Dodge to claim an interest either legal or equitable in this note as against Snow, he disclaims it, testifies that he received it for the use of Snow as his agent, sued it in Snow’s name, not for himself, but for Snow.
This distinguishes this case from that of Marland v. Jefferson, 2 Pick. 240, where the witness expected that the money would come through his hands, and that if it did, he should claim payment of his debt out of it.
3. The next exception was to that part of the testimony of Dodge, in which he states the alleged admissions of the defendant ; on the ground that they amounted only to an offer of compromise.* The testimony was to this effect; that after action brought, Batchelder called upon him, and offered to *517 settle by paying the costs and half the note in cash, and the other half by a note with a good indorser. If it stood here, it might be objected, although an offer to pay the whole debt, that it was not an offer to pay it in cash, or to pay it presently. But the witness also stated that Batchelder during this conversation, said he owed the note. This, in the opinion of the court, taking the whole conversation, was not an offer of compromise, an offer for buying his peace; but an admission of the debt and a proposal for terms of settlement, as of a subsisting debt, and was therefore competent.
4. The last point appears to us exceedingly clear. In this court the rule is general, that the plaintiff has the opening and close of the cause. But according to the rule of the court of common pleas we think this decision was right. The defendant did not admit that the plaintiff had a primd facie case, which is a condition precedent to giving the defendant the opening and close. But the defendant supposes that the distinction lies in this, that in the present case, there was a report of an auditor; which would prove a primd facie case for the plaintiff. So it would, if the plaintiff should think fit to use it, but not otherwise. The report may be used by either party as evidence. Eev. Sts. c. 96, § 30. The plaintiff was not bound to read it, and looking at the report, it was highly improbable, at the commencement of the trial or in the opening, that he would read it. It proved nothing more for the plaintiff’s case, than the note itself would have done, after the defendant was precluded, by not giving notice, from contesting the genuineness of the signature. ■ If he should have claimed to use it on the question of set-off, it would be, not to prove his own case, but to rebut the defendant’s, and would come after the defendant’s evidence. The existence of this report, therefore, did not alter the case, or bring it within the rule of the court of common pleas.

Exceptions overruled.

 There were cited for the defendant to this point, 1 Story on Eq. §§ 327, 499 c. 638; 1 Gilb. Ev. (Lofft’s ed.) 229; Peyton v. Hallett, 1 Caines R. 363, 370; Marland v. Jefferson, 2 Pick. 240; Powel v. Gordon, 2 Esp. R. 735 ; Innis v. Miller, 1 Dall. 50; 2 Stark. Ev. 746.

 In support of this exception were cited, 3 Bl. Com. 299; Cuming v. French, 2 Campb. 106, note; Gerrish v. Sweetser, 4 Pick. 374, 377; Waldridge v. Kennison, 1 Esp. R. 143