ELIAS BACH et al., Respondents, *v.* DAVID LEVY et al., Appellants.

Defendants contracted to sell and deliver to plaintiffs one hundred and seventy-five cases Connecticut tobacco, guaranteed "to be like samples." On receipt of bill plaintiffs paid for the purchase, by giving their promissory note for the amount. The tobacco delivered proved to be Massachusetts tobacco, which was of less value than the Connecticut; some of the cases were also inferior to the samples. Defendants were notified of the defects, and requested to return the note and take back the tobacco, but refused so to do; it was then, upon notice to defendants, sold at auction, in one lump. In an action to recover damages for breach of the contract, *held*, that plaintiffs' sale of the tobacco in a lump did not defeat their right to recover; that the measure of damages was the difference in value of the tobacco as warranted, and that actually delivered; and, to ascertain the latter, in the absence of other testimony, the amount received at the auction sale was properly resorted to.

Also *held*, the fact that a note was given for the purchase-price, which it

did not appear had been paid, did not defeat a recovery; that, under the circumstances, plaintiffs' liability on the note must be deemed the equivalent for cash.

(Argued February 5, 1886; decided March 2, 1886.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 8, 1884, which affirmed a judgment in favor of plaintiffs, entered upon a verdict. (Mem. of decision below, 18 J. & S. 519.)

This action was brought to recover damages for alleged breach of a contract for the sale of a quantity of tobacco.

The contract and the material facts are set forth in the opinion.

*Lewis Sanders* for appellants. A mere liability to pay is not sufficient to maintain an action. (*Southwick* v. *First Nat. Bk.*, 84 N. Y. 432; *O'Brien* v. *Jones*, 91 id. 197, 198; *Burt* v. *Dewey*, 40 id. 285.) The warranty having been reduced to writing it became the exclusive test of what the warranty was, and evidence outside of it was inadmissible. (*Gaylord Manuf. Co.* v. *Allen*, 53 N. Y. 519; *Joyce* v. *Adams*, 8 id. 296; *Eighmie* v. *Taylor*, 98 id. 294; *Dutchess Co.* v. *Harding*, 49 id. 321; *McCormick* v. *Sarson*, 45 id. 265; *Reed* v. *Randall*, 29 id. 358; *White* v. *Miller*, 71 id. 130.) Expert testimony was improperly received. (*Van Zandt* v. *Mut. B. Ins. Co.*, 55 N. Y. 179; *Ferguson* v. *Hubbell*, 97 id. 513.)

*B. F. Einstein* for respondents. The plaintiffs' right to recover damages for breach of warranty was not affected by their acceptance of the goods, assuming the contract to be executory. (*Briggs* v. *Hilton*, 99 N. Y. 517; *Hawkins* v. *Pemberton*, 51 id. 198; *Dounce* v. *Dow*, 64 id. 411; *Van Wyck* v. *Allen*, 69 id. 61; *White* v. *Miller*, 71 id. 118.) A sale at auction, fairly conducted, is a proper way to determine the value of property. (*Muller* v. *Eno*, 14 N. Y. 597; *Pallin* v. *Le Roy*, 30 id. 549.) The defendants having requested to go to the jury upon any question of fact, and having rested

upon the plaintiffs' case, their motion for a direction was, therefore, upon the whole case, and they thereby submitted all questions of fact to the court to decide. (*Thompson* v. *Liverpool, etc., Steam Co.,* 44 N. Y. Super. Ct. 407; *Appleby* v. *Astor Fire Ins. Co.,* 54 N. Y. 253; *Winchell* v. *Hicks,* 18 id. 558.)

DANFORTH, J. The plaintiffs compose the firm of Elias Bach & Son, and the defendants are copartners under the name of D. Levy & Son. A contract was made between them by S. Wollenberg, a broker who delivered bought and sold notes, in these words:

.·" NEW YORK, *April* 19, 1883.

"Sold to Messrs. Elias Bach & Son, for account of Messrs. D. Levy & Son (175) one hundred and seventy-five Conn. seconds L. tobacco, crop 1882, by Packer's samples. Mess. D. Levy & Son guarantee the tobacco to be like samples, and sound until after stripped sampling, July 1st, 1883.

"Price $10\frac{1}{4}$ c., marked weight.     Insurance guaranteed and storage free.

"Terms, five months' note.

"S. WOLLENBERG."

Within a day or two thereafter, the defendants billed the tobacco to the plaintiffs, and the amount, $6,993.88, was settled by their note.     The tobacco was received about July first, and proved to be Massachusetts and not Connecticut tobacco.     It was for that reason of less value, and some of the cases were also inferior to the samples.     The defendants were notified of these defects, and requested to return the note and take back the tobacco, but refused to do so.     It was then, upon notice to defendants, sold at auction in one lump, and this action was brought to recover damages for breach of the undertaking contained in the bought-and-sold notes.     No evidence was given by the defendants, but at the close of the plaintiffs' case, their counsel requested the court to direct a verdict for the defendants upon the grounds: *First* that "the warranty was a separate waranty of each case, and that the plaintiffs, by selling the

whole cases in one lump, over seventy of which corresponded with the samples, have not presented any measure of damages for the cases proved to be different from the samples. *Second.* That the warranty as to each case being separate, the plaintiffs had no right to deal with the goods in one lump ; but could only sue for and recover for a breach of the particular warranty of each case."

Failing in that, defendants' counsel asked the court to dismiss the complaint, upon the ground that at the time the action was brought the plaintiffs had suffered no damage, not having paid for the tobacco in question.

The applications were denied, and a verdict directed for the plaintiffs for $2,626.06, as the difference between the value of the tobacco as warranted, and the tobacco actually delivered, which was fixed at the sum obtained on the sale.

We are of opinion that the decision of the trial judge was right.

*First.* The pleadings admit that the tobacco was paid for. That this payment was by note is immaterial, for the allegation and admission is that the note was given in pursuance of the agreement, and taken in payment of the debt.  The evidence also is that the defendants refused to return it.  Under these circumstances, the plaintiffs' liability on the note must be deemed the equivalent for cash.

*Second.* The promise expressed in the broker's notes and counted on in the complaint related not only to the quality of the tobacco as compared with the samples, but to the place of production.   It was described as "Connecticut tobacco," that is, as explained in evidence, tobacco grown in Connecticut.   There was in these words a representation of a fact material to the contract, and to the truth of which the vendor was, therefore, bound.   The plaintiffs acted upon it, and suffered by reason of its not being true.   Such representation, whether strictly a warranty or not, was part of the agreement, and it was broken because the tobacco actually delivered did not answer the description of it contained in the contract. (*Hawkins* v. *Pemberton*, 51 N. Y. 198.)   This, also, meets the defendants'

other objection, that part of the tobacco corresponded in quality with the samples. The purchaser was not only entitled to tobacco of like grade with that sampled, but of the kind he contracted for. The tobacco delivered was not at all within the description of the article sold, and it is enough that this objection applies to the whole quantity.

*Third.* It was for the plaintiffs to show the market value of the tobacco delivered by the defendants. For that purpose a sale at auction was properly resorted to, and its result was some evidence of the fact in question, not conclusive, but quite satisfactory in the absence of explanation or testimony from the defendants. (*Muller* v. *Eno*, 14 N. Y. 597.) Some other propositions are presented by the appellants' argument. They have been examined and found to disclose no error at the trial, nor any reason for the reversal of the judgment of the General Term.

It should, therefore, be affirmed.

All concur.

Judgment affirmed.