BENJAMIN W. SMITH *vs.* G. A. CARLSON, impleaded, etc.

December 18, 1886.

Notes obtained by Deceit—Action for Damages—Measure of Recovery—Defence to Notes.—L. assigned to C. certain letters patent at a fixed price, part of which C. paid, and gave L. his negotiable promissory notes for the remainder. C. afterwards brought action against L., alleging that he was induced to purchase the letters patent, which were worthless, by the false and fraudulent representations of L., and alleging damage and demanding judgment to the amount of the price which he alleged he had paid. Meantime L. indorsed some of the notes to S., who had notice of the fraud, and he brought action on the notes against C. *Held* that, in the action by C., he could not recover on account of the notes, unless he had paid them, or might be obliged to pay them, and the bringing of that action did not affect his right to defend against the notes on the ground of the fraud.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren*, J., presiding, refusing a new trial.

*B. W. Smith* and *E. W. Rossman*, for appellant.

*W. C. Williston* and *W. E. Hale*, for respondent.

GILFILLAN, C. J.   Action on four promissory notes for $1,000 each, made by the defendant Carlson, payable to the order of the defendant Leathers, and by him indorsed to plaintiff.   The defendant Carlson answered, setting forth that the sole consideration for the notes was the price agreed on for the assignment, by Leathers and one Byers, to Carlson of an interest in certain letters patent for an invention, the entire price agreed on being $16,250, of which Carlson paid $4,000 in cash, and the remainder in his notes, of which those

sued on are a part; that he was induced to make the purchase by certain false and fraudulent representations made to him by Leathers and Byers as to the character of the invention patented, and of the article to be made by means thereof; that the pretended invention was not new, and it, and the article to be made by means of it, were utterly worthless; that, when he learned of the fraud practised on him, he offered to reassign said interest in said letters patent, and demanded a return of the money and notes, but Leathers refused to return the notes or money; and that plaintiff took the notes with notice of the facts. On the trial the plaintiff offered in evidence the pleadings in an action, commenced before this action, by Carlson against Leathers, in the complaint in which was alleged said assignment, and the price thereof, and the payment of the same, and said false and fraudulent representations, and the worthlessness of said invention, and of the article to be made by means thereof, substantially as alleged in the answer herein; and the complaint demands judgment for $16,250, with interest from the date of the transaction. On objection by defendant such pleadings were excluded.

In that action no other damages were alleged than the payment of the consideration for the assignment. The action was, in effect, to recover back such consideration. The right to take that as the measure of damages could exist only on the proposition that Carlson had paid it, or might be obliged to pay it. Thus, if he had not paid, but merely given a non-negotiable promise to pay,—a promise which could not be enforced if he should make his defence,—he could not recover such consideration, but would be left to his defence whenever an attempt to enforce it might be made; and so if, on the trial of that action, Leathers should deliver up any of the notes, they could not be included in the amount of the recovery; and so if it appeared with certainty that they could not be enforced. *Vogel* v. *Osborne*, 34 Minn. 454, (26 N. W. Rep. 453.) If the legal obligation to pay the notes does not exist, they cannot be taken as the measure of damages; for in that case he is not in law damnified by having given them. In seeking, in that action, to recover back the consideration, Carlson was justified in assuming the notes to be part of it, because, being negotiable, they might have passed, or, if not yet due, they

might pass, into the hands of *bona fide* holders, so that he would have to pay them. *Prima facie*, they might, in that action, be taken as obligations which he might have to pay. But he could not waive a sure defence to the notes, appearing in that action, in order to recover the amount of them, merely to be recovered from him again in an action on them. It was not a case of election of remedies, but of damages sustained. The fact, then, that he brought that action to recover so much of the consideration as he had actually paid, or was under legal obligation to pay, does not affect his obligation to pay the notes, nor can it be taken as affirming the validity of the notes.

The court was right in excluding the evidence.

Order affirmed.