LARS EVENSON and Another v. KEYSTONE MANUFACTURING
COMPANY.[1]

May. 10, 1901.

Nos. 12,480—(45).

### Contract—Breach of Warranty.

A contract, in which it was provided that if a certain machine, for
and on which notes were given and freight charges paid, did not and
could not be made to fill the warranty therein contained, it was to be
returned to the place where received, and another machine substituted
therefor, or the "money and notes" returned, construed. *Held*, that the
amount paid for freight charges could be recovered, in addition to the
amount of the notes, in case of a breach of the warranty and a failure
to substitute another machine.

### Freight Charges.

*Held*, that upon the pleadings the amount paid as freight charges was
not in issue, and therefore no proof of such amount was necessary.

### Evidence—Demand.

At the trial the evidence was sufficient to justify a finding that the
machine failed to fulfil the warranty. It was shown that the machine
was returned to the place of delivery, and there received by the defend-
ant's agent. The defendant failed to substitute a new machine, or to
return the notes, or to pay the amount of the freight charges within
a reasonable time, and, at least impliedly, refused to do either. *Held*,
that a demand for the return of the notes and the payment of the money
was unnecessary. *Held*, further, that plaintiffs were entitled to recover
the amount of a note which had matured in defendant's possession prior
to the bringing of this action.

### Evidence—Warranty.

*Held*, that the evidence was sufficient to warrant the jury in finding
that there was a breach of the conditions of the warranty contained in
the contract.

### Admission of Evidence.

Certain rulings of the court below as to the admission of testimony
considered and disposed of.

Action in the district court for Renville county to recover

[1] Reported in 86 N. W. 8.

$444.84 damages for breach of warranty on sale of farm machinery. The case was tried before Powers, J., and a jury, which rendered a verdict in favor of plaintiffs for the amount demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*George S. Grimes*, for appellant.

*L. H. Schellbach* and *A. J. Volstead*, for respondents.

COLLINS, J.

Action to recover the value of certain promissory notes given by plaintiffs upon delivery to them of a corn-husking machine manufactured by defendant, and also to recover the amount paid as freight charges upon the machine from the place of manufacture to Renville, in this state, the place of delivery to plaintiffs, in which the latter had a verdict for the full amount of the notes, with interest, and, in addition, the amount alleged to have been paid as freight.

The contract under which the machine was shipped contained a warranty, which, it is alleged, was broken by failure of the machine to comply therewith. It was also provided in the contract that if the machine did not and could not be made to fill the warranty, it was to be returned by the purchasers to the place where received, and another substituted therefor, or the "money and notes" returned. The purchasers agreed to receive the machine at the station to which it was to be shipped, to pay the freight charges, and the sum of $425 in notes. They did receive the machine, pay the freight, and deliver the notes as stipulated. These are the notes herein involved.

1. As we construe the contract, the amount to be paid for the machine was $425 in notes, and, in addition, the freight charges, and it is these amounts which were referred to in that part of the contract providing for the return of the money and notes. The clause in the contract to the effect that the purchasers should make no further claim upon the manufacturing company if the machine failed to fill the warranty, and a new one was substituted, or the money and notes returned, has no bearing upon the freight item. It referred to damages other than the amount of the notes and the amount paid as freight charges, for these two

items, taken together, constituted the purchase price agreed upon, and it was the amount of the purchase price, either notes or money, or both, which was to be returned if there was a breach of the warranty and a failure to substitute a new machine.

·2. The point is made by appellant's counsel that there was no proof as to the amount paid as freight charges, and for that reason a verdict including the amount was unsupported by the evidence. There are two reasons why there is no merit in this contention: First. The complaint alleged that the freight charges were $19.84, and that this sum the plaintiffs agreed to and did pay, in addition to the amount evidenced by the notes. The answer admitted that the plaintiffs agreed to pay the sum of $425 and the freight charges for the machine, and also that the plaintiffs did pay the charges. There was also a general denial in the answer, but, taking into consideration the admissions heretofore referred to, we are of the opinion that the amount paid as freight charges was not in issue, and consequently no proof thereof was necessary. Second. The court charged that it was undisputed that plaintiffs had paid $425 and the freight charges, a total sum of $444.84, for the machine, and that they were entitled to recover, if anything, this amount, with interest. The defendant's counsel took no exception to this part of the charge, except a general one. By this the court was not advised that an exception was taken to any particular point in that part of the charge, or that the exception referred to the price of the machine independent of the freight, or to the amount paid as freight, or to a lack of proof as to the amount, or to the statement as to the right to recover interest, or to the date from which interest should be computed. The exception was so general that it did not call the court's attention to the point now made. These remarks apply also to the claim of counsel that the court erred in directing that interest be included in the verdict. The exception was not sufficiently specific.

3. It is claimed that it was necessary to show the conversion of the notes mentioned in the complaint, and, because there was no direct evidence as to the alleged conversion, plaintiffs were not entitled to recover at all. This was not an action to recover the value of the notes upon the ground of a conversion thereof, but it

was brought to recover the amount of their face value because the machine failed to fill the warranty, and defendant had disregarded its contract in case there was a breach of the warranty condition. If there was a breach, it was agreed between the parties that the defective machine should be returned to the place of delivery, and a new one substituted, or the money and notes returned. The machine was returned in compliance with the contract, was received by defendant's agent, and thereupon it was the duty of the defendant, within a reasonable time, to do one of two things,—to furnish a new machine, or to surrender the notes, and pay over the amount of the freight charges. It failed to do either, and the testimony was abundant to support the conclusion that impliedly, at least, it refused so to do. It is obvious from the evidence that a demand for the notes and the money would have been a useless formality. The defendant denied all liability, and under such circumstances demand was unnecessary in order to establish a right of action. It is further contended that, as one of the notes had matured prior to the bringing of this action, the amount thereof could not be included in the verdict, the precise point being that presumably the matured note was in defendant's hands, and, if so, was worthless, because of the failure of the warranty. Not much consideration need be given this particular claim, for, in making it, defendant's counsel seems to have forgotten that its agreement was to return all of the notes, not simply such as had not matured.

4. A witness was permitted to state what was said to him by Murphy, an expert sent by the defendant, in compliance with the plaintiffs' request, to put the machine in shape to fill the warranty. While at work, Murphy expressed his opinion as to defects in the size and strength of certain parts of the machine, and stated, in effect, that because of these defects it could not be made to comply with the requirements of the contract. The objection was as to what Murphy then and there said. His statements were made while he was at work, and concerning the machine which he was sent to repair and to put in order so that the warranty would be complied with. Statements made while he was attempting to remedy the defects were admissible as tending to

show wherein the machine was faulty and beyond remedy. While not exactly in point, one feature presented and considered in the case of Reeves & Co. v. Cress, 80 Minn. 466, 83 N. W. 443, has a bearing here. Again, defendant company made no effort at the trial to show by testimony that the machine did or could be made to comply with the warranty contract.

5. The plaintiffs ran the machine for a number of weeks, endeavoring to make it fill the warranty, and one of the men employed by them was permitted (objection being made) to state whether he noticed that plaintiffs "took an interest in the machine, and tried to make it run" properly. The answer was, "They did." This answer was not exactly responsive to the question, and it might be urged that it was necessary, in order to take advantage of the objection, to move to strike it out. But, waiving this, and assuming that it was responsive, we cannot hold that it was prejudicial. There was no claim, and not a particle of evidence tending to show, that the plaintiffs did not do their utmost to make the machine run properly and to comply with the warranty. The evidence all tended to show that they did, and the statement of a witness that they appeared to be interested, and tried to make it run, did not bear upon anything that was in issue, either under the pleadings or by reason of evidence which had been received. The defendant could not have been prejudiced in the slightest degree by the answer, even if erroneously received. The admission of improper or incompetent evidence of a fact admitted is harmless error, for which a reversal cannot be had. Benton v. Nicoll, 24 Minn. 221.

6. There was an abundance of testimony upon which the jury could find that there was a failure of the warranty; that defendant was notified, and, after repeated attempts to make the machine comply with that part of the contract, abandoned further efforts; and that subsequently it was returned to the place where received, and delivered to defendant's agent. No further consideration need be given to this point as made in the fifth subdivision of the brief submitted by defendant's counsel.

7. We see no other assignments of error which need consideration.

Order affirmed.