ROBERT BURGESS & SON, *a Partnership,* v. WILEY ALCORN· *et al.*

No. 15,025   (90 Pac. 239.)

SYLLABUS BY THE COURT.

1. PETITION—*Objections Not Raised in the Trial Court—Waiver.* A defendant who fails to attack by motion or demurrer a petition which states facts sufficient to constitute a cause of action for breach of warranty, and also contains averments that would justify a recovery on the ground of fraud, cannot complain on review that the case was tried throughout as one based on contract.

2. SALES—*Breach of Warranty—Elements of Damage—Non-negotiable Note.* In an action for the breach of· warranty of personal property, where a note given for a part of the purchase-price is otherwise a proper element of damage, it is not rendered incompetent for that purpose by the fact that it is non-negotiable and that the matters pleaded by the plaintiff would constitute a complete defense to an action upon it, where the defendant has sold it and makes no offer to return it.

3. JURY AND JURORS—*Weighing of Testimony—Falsity—Corroboration.* An instruction that if the jury believe that any witness has wilfully testified falsely in a material matter they may disregard his entire testimony need not make an exception in favor of such portion thereof as is corroborated.

Error from Jewell district court; RICHARD M. PICK-LER, judge. Opinion filed May 11, 1907. Affirmed.

*Barnes & Magoon,* for plaintiffs in error; *George W. Bailey,* of counsel.

*R. W. Turner,* and *W. R. Mitchell,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Robert and Charles Burgess prosecute error from a judgment for $1254 rendered in an action brought against them by Wiley Alcorn and several others. The plaintiffs in their petition alleged that they had bought a stallion of the defendants, receiving a written warranty of its qualities, and executing in payment three promissory notes for $400 each; that one provision of the contract was that under certain conditions this stallion might be returned and another would be supplied in its stead, which should meet the requirements of the warranty; that such an exchange was effected, but the second animal, like the first, proved practically worthless. Damages were asked to the amount of the purchase-price and various expenses incurred.

The action was tried throughout as one for breach of warranty, and the defendants contend that this was error, claiming that the petition committed the plaintiffs definitely to the theory that it was brought for relief on the ground of fraud. The petition did contain allegations, in addition to those above indicated, in virtue of which it stated facts sufficient to constitute a cause of action founded on tort. But as it also set out all the facts requisite for a recovery on the contract, and was not attacked by motion or demurrer, the defendants cannot complain that the references to fraudulent conduct were ignored. (*Chase v. Railway Co.,* 70 Kan. 546, 79 Pac. 153.) "Where all the elements of a contract are alleged, averments characterizing the conduct

of the defendant as fraudulent . . . may be rejected as surplusage." (21 Encyc. Pl. & Pr. 658.)

At the time the petition was filed the three notes referred to had all been transferred to other persons, and the first one had been paid. The second note was paid during the pendency of the action, and the third was still outstanding when the judgment was rendered. The defendants assume, and the assumption is justified by the record, that the amount of recovery was arrived at by taking the aggregate face value of the several notes, and they argue that at all events it was excessive by at least the amount of the third note, since that was never in fact paid, and since the plaintiffs according to their own theory were under no legal obligation to pay it. If the notes were negotiable and were transferred so as to cut off inquiry into their consideration the situation was the same as though they had been paid. (*Baker v. Brem,* 103 N. C. 72, 9 S. E. 629, 4 L. R. A. 370. See, also, note in 27 L. R. A. 519 to *Nashville Lumber Co. v. Fourth National Bank,* 94 Tenn. 374.) But it was not directly, and perhaps not even inferentially, pleaded or proved that these notes were negotiable. Assuming that they were non-negotiable, however, we think under the circumstances of the present case the defendants had no cause of complaint that the unpaid note was treated as a valid demand against the plaintiffs.

The principle invoked by the defendants was applied in *Vogel v. D. M. Osborne & Co.,* 34 Minn. 454, 26 N. W. 453, and in *Smith v. Carlson,* 36 Minn. 220, 30 N. W. 761. In the former case an agreement had been made that two notes should be returned by the payee to the maker upon the breach of a certain warranty. The warranty failed, and an action brought to recover damages therefor resulted in a judgment for the plaintiff. On review the supreme court said:

"Now, upon defendant's refusal to refund the notes to plaintiff upon proper demand his remedy, as sought in this action, is for the damages resulting from the

47—75 KAN.

breach of the contract to refund. The consequences of this breach were that the notes were left outstanding against the plaintiff, and he was in danger of being sued upon them. Now, so long as he had a perfect defense to them, no matter whose hands they came to— so long as he was in fact under no *legal liability* on account of them—how can he be said to have suffered any substantial damage from the refusal to return them? And if, notwithstanding he is not liable upon the notes, he sees fit of his own motion to pay them, how can that be said to be anything more than his own voluntary and unnecessary act—in effect a pure gift to the holder of the notes, and not in any legal sense the consequence of, or damage resulting from, the refusal to refund them according to agreement? In our opinion, therefore, the evidence does not sustain the verdict, and there must be a new trial.

"We may add that if the notes were negotiable in form, but had not been indorsed before maturity, they would stand upon the same footing, as respects plaintiff's right of defense, as if non-negotiable; and, on the other hand, if being negotiable they were duly indorsed before maturity, the plaintiff could not set up his defense against a *bona fide* indorsee; and hence, with or without payment of them, he would be entitled to recover their full amount of defendant, if the other facts material to his recovery were found in his favor." (Page 457.)

In the other case negotiable notes were given for the assignment of a patent right. The maker claimed that he had been defrauded, offered a reassignment of the letters patent, and demanded the return of the notes. This being refused, he sued for their amount as damages. Afterward one who had purchased a part of the notes sued upon them. The maker in defense pleaded the facts stated, and alleged that the notes had been bought with notice thereof. The plaintiff contended that the bringing of the action for damages precluded the defendant from denying liability upon the notes. In denying this contention the court said:

"In that action no other damages were alleged than the payment of the consideration for the assignment. The action was, in effect, to recover back such consid-

eration.   The right to take that as the measure of dam-
ages could exist only on the proposition that Carlson
[the maker] had paid it, or might be obliged to pay it.
Thus, if he had not paid, but merely given a non-nego-
tiable promise to pay—a promise which could not be
enforced if he should make his defense—he could not
recover such consideration, but would be left to his de-
fense whenever an attempt to enforce it might be
made; and so if, on the trial of this action, Leathers
[the payee] should deliver up any of the notes, they
could not be included in the amount of the recovery;
and so if it appeared with certainty that they could not
be enforced.  (*Vogel v. Osborne,* 34 Minn. 454, 26 N.
W. 453.)     If the legal obligation to pay the notes
does not exist, they cannot be taken as the measure of
damages; for in that case he is not in law damnified by
having given them.   In seeking, in that action, to re-
cover back the consideration, Carlson was justified in
assuming the notes to be part of it, because, being
negotiable, they might have passed, or, if not yet due,
they might pass, into the hands of *bona fide* holders, so
that he would have to pay them.   *Prima facie* they
might, in that action, be taken as obligations which he
might have to pay.   But he could not waive a sure de-
fense to the notes, appearing in that action, in order
to recover the amount of them, merely to be recovered
from him again in an action on them.   It was not a
case of election of remedies, but of damages sustained.
The fact, then, that he brought that action to recover
so much of the consideration as he had actually paid,
or was under legal obligation to pay, does not affect his
obligation to pay the notes, nor can it be taken as
affirming the validity of the notes."  (Page 221.)

In each of these cases the maker of the notes based
his claim for damages specifically upon the refusal of
the payee to deliver them to him upon demand.   Even
under such circumstances it is not clear why he should
not have the privilege of treating them as valid obliga-
tions if he sees'fit to do so.   It is difficult to see how the
payee has any standing to object unless he accompanies
his objection with an offer to return the notes.    In
*Thrashing-machine Co. v. Currey, ante,* p. 365, a decree
was affirmed which as a means of enforcing the cancela-
tion of notes against their holder gave a personal judg-

ment against him for their amount, with a provision authorizing its satisfaction upon their delivery into court within a stated time. And in *Evenson v. Keystone Mnfg. Co.*, 83 Minn. 164, 86 N. W. 8, in an action for breach of warranty, the plaintiff was permitted to recover the amount of a matured note which was still in the hands of the defendant—the payee. But in the present action the plaintiffs never asked for their notes. They did not seek to rescind the purchase of the horse. They were content to let the transaction stand, and to demand compensation in damages for the injury they suffered through the failure of the warranty. Such an attitude estopped them thereafter to deny liability upon the notes. As was said in *Davis v. Schmidt*, 126 Wis. 461, 106 N. W. 119, of an action brought upon a note under similar circumstances:

"The record does not disclose that the defendants ever returned or offered to return the stallion, or ever rescinded the contract of purchase, and the action commenced by them for the recovery of damages clearly evinced their intention to stand upon the suit for damages for breach of the contract, and not upon rescission. They could only recover in the action for damages upon the theory that they were liable upon the note, and clearly this was the basis of their damages. Had they recovered in the suit commenced for damages it is very clear they would be liable upon the note. They could not have their damages, which, in effect, were based upon the consideration of the note, and also escape the payment of it. The two remedies would be clearly inconsistent, and the defendants here, having elected their remedy by suing for damages, elected to affirm the sale. . . . Here, upon the facts appearing in the record, the action of the defendants in commencing suit for breach of warranty was consistent with no other theory than an affirmance of the sale, the consideration of which was the $2600 note. Therefore we see no escape from the conclusion that in the commencement of such action with knowledge of the facts, or at least reasonable means of knowledge, the defendants here elected their remedy and are bound by such election." (Page 464.)

Where the maker of a note to which a defense might

be made by reason of a failure of warranty waives the right to repudiate it, no wrong is done the payee by a judgment for its amount unless he is denied the privilege of canceling the note or setting it off against the claim for damages. This is illustrated in *Fahey v. Esterley Machine Company*, 3 N. Dak. 220, 55 N. W. 580, 44 Am. St. Rep. 554, where it was said:

"The true theory of this action is that the consideration for the one hundred and ten dollar note failed because of a breach of the warranty, followed by the performance by the plaintiff of all the conditions of the warranty, and by a complete rescission, and that it then become the duty of the defendant to return the note. The authorities seem to sustain the doctrine that on demand for a note, under such circumstances, the cause of action arises, and that the maker may recover the full face value thereof, although he has not paid it or been held liable upon it. (*Thayer v. Manley*, 73 N. Y. 305; *Comstock v. Hier*, 73 N. Y. 269, 29 Am. Rep. 142; *Farnham v. Benedict*, 107 N. Y. 159, 13 N. E. 784; *Decker v. Matthews*, 12 N. Y. 313.) Where the note has been negotiated before maturity for value, as in this case, there would seem to be no doubt as to the soundness of the doctrine; and when the note is still in the hands of the original party, the defendant, but is not due when the action is brought, the rule ought to be and is the same. (*Thayer v. Manley*, 73 N. Y. 305.) Neither does the fact that the maker might restrain the negotiation of such a note, and compel its surrender in an equitable action, affect his right to maintain an action at law for damages. (*Thayer v. Manley*, 73 N. Y. 305.) But the judgment ought not to be absolute, if the defendant requests the privilege of restoring the note, and saving plaintiff from all possibility of loss on account thereof." (Page 226.)

Here the defendants, having lost control of the third note, and having made no suggestion of an ability or desire to restore it, are in no position to complain of its being treated as valid.

The right of the maker of a series of non-negotiable notes to defend against them on the ground that they were obtained by fraud or false warranties may be a very inadequate remedy. It would not protect him

against being harrassed by a number of suits by different individuals, perhaps in different courts, in each succeeding one of which he might be required to establish the facts anew. Justice would ordinarily be promoted by permitting him to choose his own forum and settle the entire controversy in a single action against the person at fault, electing to treat the notes as valid, and to indemnify himself by means of a judgment for damages. Whether or not the maker of a non-negotiable note given in. payment for goods may always, upon proof of a breach of warranty or of the practice of fraud upon him, regard the note as a subsisting obligation and recover damages upon that theory, we are satisfied that the plaintiffs in this case were entitled to that privilege. The case of *Bach et al. v. Levy et al.*, 101 N. Y. 511, 5 N. E. 345, seems to tend to support this view, although the discussion there is very brief. On the other hand, *Walsh v. Cooper*, 10 Wash. 513, 39 Pac. 127, has an apparent tendency to the contrary, but the facts are not closely similar to those here presented.

Criticism is made of several instructions given to the jury. One of them—an introductory paragraph—was to the effect that the plaintiffs were entitled to recover if they had proved the facts upon which they relied. In other portions of the charge the court indicated what these facts were and this statement was therefore unobjectionable.

The usual instruction was given that the jury might disregard the entire testimony of any witness whom they believed to have wilfully testified falsely in a material matter. An objection is made that the court should have added: "except in so far as the testimony of such witness is corroborated by other reliable testimony or evidence in the case." The rule requiring such an instruction to make the exception in favor of corroborated testimony seems to be peculiar to Illinois. (See 11 Encyc. Pl. & Pr. 337, 339, 340.) This court, by inference at least, has frequently approved the form of

instruction given. (*Shellabarger v. Nafus*, 15 Kan. 547, and cases cited in annotated edition.)

Other questions raised in connection with the instructions have either already been considered or are not thought to require special mention. We find no error in the record, and the judgment is affirmed.