THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY
v. JAMES STONE, SR.

No. 15,630.   (97 Pac. 471.)

SYLLABUS BY THE COURT.

RAILROADS—*Confiscation of Coal Consigned—Implied Contract to Pay—Parties—Evidence—Damages.* The petition alleged, in substance, that the plaintiff had agreed to furnish to parties named certain car-loads of coal at Scammon, Kan., on board of cars, payment therefor to be made upon receipt of the same at the places of destination; that the plaintiff had delivered the coal to the railroad company, on its cars, to be transported accordingly, and that the company refused to deliver the coal to the consignees, but wrongfully confiscated and converted it to its own use; that thirty days had elapsed and the defendant had failed and refused to pay for the coal so taken, although duly demanded in writing. The petition prayed for judgment for the value of the property, plus fifteen per cent. of the same, and for an attorney's fee. *Held:* (1) That the action could be maintained by the plaintiff upon the causes of action so stated; (2) that upon an objection to evidence under the petition the court committed no error prejudicial to the defendant in holding that the action should be proceeded with on the theory that it was an action on an implied contract, and that the measure of recovery, if the plaintiff should show a

right to recover, was the reasonable value of the property appropriated at the time of such appropriation; (3) that certain statements of the defendant's fuel agent, objected to as being only an offer to compromise, were competent as tending to show the use of the coal by the company and its liability therefor.

Error from Cherokee district court; CORB A. MC-NEILL, judge. Opinion filed July 3, 1908. Affirmed. Opinion denying a petition for a rehearing filed October 1, 1908.

*W. F. Evans*, and *R. R. Vermilion*, for plaintiff in error.

*A. H. Skidmore*, and *S. L. Walker*, for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff, James Stone, sr., a dealer in coal, delivered to the defendant railroad company, at Scammon, Kan., four car-loads of coal, consigned to the Sheridan Coal Company at Kansas City, Mo. About the same time H. Jenkins, another coal dealer, delivered three car-loads of coal to the company at the same place, consigned to A. Clymer at Joplin, Mo., and J. C. Hughes, another coal dealer, delivered to the company, at the same place, a car-load of coal consigned to J. Coushin, at Miami, Ind. Ter. All this coal was loaded into the defendant's cars on its tracks at Scammon. Bills of lading were made out on blanks furnished by the company for coal shipment, and handed to the defendant's agent in charge of its business at Scammon for his signature. He took the bills, erased the names of the consignees and wrote "Frisco" over the erasures, signed his name as agent, and delivered them to the consignors. In returning one of the bills he said: "That coal belongs to the . . . company." The defendant appropriated the coal to its own use, and did not deliver any of it to the consignees. Jenkins and Hughes assigned their respective claims to the plaintiff,

who thereupon brought an action alleging that the defendant had wrongfully confiscated and converted this coal to its own use, and that thirty days had elapsed and payment had not been made to the plaintiff therefor. The prayer was for judgment for the value of the coal, plus fifteen per cent. thereon, and six per cent. interest and an attorney's fee. The answer was a general denial. On an objection being made to evidence under the petition, the court ruled as follows:

"The objections to the introduction of testimony are overruled, and the court proceeds to try the case on the theory that this is a suit on an implied contract for unlawful conversion, and that the measure of recovery, if it is shown that plaintiff is entitled to recover, is the reasonable market value of the property appropriated, at the time and place it was appropriated."

The plaintiff recovered a judgment for the value of all the coal. Error is predicated on the order overruling the objections to evidence under the petition. The petition contained the following statement:

"That on or about the 31st day of March, 1906, at Scammon, Kan., the plaintiff verbally agreed with the Sheridan Coal Company, of Kansas City, Mo., to furnish it at Scammon, Kan., on board the cars, with two car-loads of lump coal, at the agreed price of $3 per ton, payment therefor to be made upon receipt of same by it in Kansas City, Mo., the freight or carriage cost thereof to be paid by the said The Sheridan Coal Company, upon the arrival of said coal at its destination.

"That the plaintiff attempted to carry out his said agreement with said The Sheridan Coal Company, and in pursuance thereof, on or about March 31, 1906, delivered to the defendant, on its Stilson switch, near Scammon, in Cherokee county, Kansas, in car No. 70,233, fifty-eight thousand four hundred (58,400) pounds of lump coal of the value of $3 per ton, . . . and said defendant on said date, as such common carrier, received said coal in the respective cars aforesaid, from the plaintiff, for shipment as aforesaid."

Similar averments were made in each count respecting each shipment. The argument is that the petition

shows a consummated sale to the consignees, and delivery on board the cars, and that any right of action to recover for such coal was in them and not in the plaintiff.

The petition does not, as the defendant insists, allege that plaintiff sold the coal delivered on board the cars. It alleges that he furnished the coal on board the cars, to be paid for on receipt of the coal at the place of destination. The coal was never received at that place. In the course of business the consignor who sells goods delivered on board the cars obtains a bill of lading therefor showing the consignment. The defendant not only refused to transport the coal but refused to give a bill of lading showing the consignment. These facts distinguish the case from those cited by counsel where title passed by delivery on board cars.

The defendant relies on the decision in *Luhrig Coal Co. v. Jones & Adams Co.,* 141 Fed. 617, 72 C. C. A. 311. It appeared in that case that coal had been sold for future shipment, to be delivered on board of cars, and to be paid for in monthly payments for coal so shipped. Some of the coal was confiscated by the railroad company, and the purchaser sued the consignor for damages for failure to fulfil the contract. The consignor had informed the purchaser of this seizure by the railroad company by way of excuse for its delay, and thereupon the purchaser wrote:

"The contract only requires that you load the coal on cars at your mines for us. If you do that, the coal is ours. If it is confiscated, we will deal with the railroads in regard thereto." (Page 624.)

The court held that that interpretation of the agreement by the parties was correct. In this case, however, there was to be no payment until the coal was received at the place of destination. The delivery there was prevented by the appropriation made by the company. The plaintiff could not recover from the consignees, for the coal had not been received by them. It was not

Railroad Co. v. Stone.

received by them because the defendant refused to transport it, and appropriated it to its own use. The defendant, having caused the loss to the plaintiff, must be held liable therefor. There was loss to the plaintiff, and corresponding gain to the defendant. The tort was one that could be waived, and as the court construed the petition, the plaintiff consenting thereto, the tort was waived and recovery allowed upon the implied contract to pay for the value of the coal taken. The defendant having, by changing the bills of lading, consigned the coal to itself, it must be presumed that it intended to pay for it. It was not injured because the plaintiff did not insist upon his right—if he had such right—to recover upon the tort, or under the statute. (Laws 1905, ch. 343; *Chase v. Railway Co.*, 70 Kan. 546, 79 Pac. 153; *Burgess v. Alcorn*, 75 Kan. 735, 90 Pac. 239.) If the court erred in construing the pleading it was in favor of the defendant, and therefore is not prejudicial. (Civ. Code, § 140; *Hopkinson v. Conley*, 75 Kan. 65, 88 Pac. 549.)

It is insisted that the court erred in allowing the plaintiff to testify to a conversation with the defendan's fuel agent. It appears that plaintiff had sent in a bill for this coal, and that the fuel agent had called in response to that demand. The following is the testimony objected to:

"Ques. What did Mr. McAuliffe say about paying you for the coal? Ans. Well, he sent for me up to my house; he was in the station office; I came down there; of course, I was made acquainted with him and he said he came to have a talk with us about that coal bill that the Frisco owed; he would like to have it settled; said he never had a lawsuit in his department, and did not want one."

Another question was asked and answered not material to this ruling. The specific objection now insisted upon is that this was an attempt to compromise, and that the statements made by defendant's agent in that effort can not be used in evidence. The rule, as

stated in the cases cited by the defendant, is that offers of compromise are not admissible unless they contain admissions of fact. (*Rudd v. Dewey*, 121 Iowa, 454, 96 N. W. 973; *Halstead v. Coen*, 31 Ind. App. 302, 67 N. E. 951.) The statements of the fuel agent tended to show an admission of fact. A bill having been presented for the coal, he called and said he came "to have a talk about that coal bill that the Frisco owed." This evidence was properly admitted as tending to show that the company had used the coal, and the fact that the effort to settle for it failed does not destroy the probative effect of the admission nor the plaintiff's right to use it in evidence. (2 Wig. Ev. §§ 1061, 1062.) This does not appear to have been an effort to buy peace by offering to compromise a disputed claim, but an effort to settle an admitted liability. At least the statement of the agent tended to show such admission, and was therefore properly received. (*Person v. Bowe*, 79 Minn. 238, 82 N. W. 480; *Brice v. Bauer*, 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454; *Snow v. Batchelder*, 62 Mass. 513.)

The judgment is affirmed.

---

OPINION DENYING A PETITION FOR A REHEARING.

The opinion of the court was delivered by

BENSON, J.: In an application for a rehearing it is urged that the sufficiency of the petition, challenged by an objection to evidence, was not directly decided by this court. The conclusion that the petition stated a good cause of action is fairly deducible from the language used in the opinion, and is expressly stated in the syllabus. This conclusion is supported by the reasons stated, and is warranted by the opinion in *Daugherty v. Fowler*, 44 Kan. 628, 25 Pac. 40. It has also been held by many courts in this country that the consignor with whom the contract of shipment is made may maintain an action in such a case for injury to the

goods, although he has no property therein. (*Blanchard & others v. Page & others,* 74 Mass. 281; *Spence v. Norfolk, &c. R. Co.,* 92 Va. 102, 29 L. R. A. 578. See, also, 1 Hutch. Car., 3d ed., § 197, and 3 Hutch. Car., 3d ed., §§ 1307-1312, where the authorities are reviewed.) In volume 3 of the third edition of Hutchinson on Carriers, section 1320, the conclusion is stated that "whether he retains any property in the goods or not, if the contract for the transportation by the carrier is directly with him [the consignor] he may maintain the action upon such contract in his own name for the failure safely to carry and deliver to the consignee." A good cause of action in favor of the plaintiff was pleaded.

The motion for a rehearing is denied.