**Wabash Canning Company, Defendant in Error, v. William H. Nicholls, trading as William H. Nicholls & Company, Plaintiff in Error.**

**Gen. No. 19,497.**

1. SALES, § 65*—*when sale is not by sample only.* Where a contract for the purchase of peas described the peas as "Fancy Alaska Peas" and also contained the words "like samples submitted," a holding that the sale was by samples only and that the seller was entitled to recover damages for refusal of the buyer to accept them on proof they were the same as samples, although the peas tendered were not "fancy peas," *held* erroneous.

2. SALES, § 249*—*when goods must be equal to sample and answer description.* Where goods are sold both by sample and description they must not only be equal to the sample, but must also be of the kind described.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 25, 1914.

MATZ, FISHER & BOYDEN, for plaintiff in error; MECHEM & BANGS, of counsel.

ELBERT C. FERGUSON, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The contract between the parties in this case was made by a sold note signed by the broker of the plaintiff which, omitting matters not material to be considered, is as follows:

"Indianapolis, August 3, 1911.

Sold to W. H. Nicholls & Co., Chicago, Ill.

For Account Wabash Canning Co., Wabash, Ind. About 1200c/s (2 doz. each) #2 can #3 sieve Fancy Alaska Peas at $1.25 per dozen, like samples submitted."

The plaintiff, the Wabash Canning Company, ten-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

dered in due time the quantity of peas sold to defendant, who refused to accept the same on the alleged ground that they did not conform to the sample delivered nor to the description contained in the contract of sale. Plaintiff sued for and recovered the damages claimed to have resulted from such refusal, and the only ground of reversal urged by plaintiff in error is that the peas tendered did not conform to the terms of the contract of sale. The cause was tried by the court without a jury and the court held that the sale was a sale by sample only and that the plaintiff was entitled to recover although the peas tendered were not "fancy peas" as the court found the word "fancy" was used in the trade.

The determination of this case depends on the construction to be given to the sold note which expresses the terms of the sale. The contract was executory and was for the sale of 1,200 cases, 2 dozen each, of 2 lb. cans of No. 3 sieve, "Fancy Alaska Peas," and was a sale of peas by a particular description. If the words "like samples submitted" had not been in the sold note, the sale would have imported a warranty that the peas were of the description of "Fancy Alaska Peas," or, observing the distinction made by Lord Abinger in *Chanter v. Robbins*, 4 M. & W. 399, approved by Lord Blackburn in *Shand v. Bowen*, 2 App. Cas. 480, the contract would have been to sell peas of that description, *Gould v. Stein*, 149 Mass. 570-574, and cases there cited. The contention of defendant in error is that because of the provision in the sold note that the peas thereby sold should be "like samples delivered," plaintiff was only required to deliver peas "like the samples delivered," and could recover, although they did not conform to the description of "Fancy Alaska Peas." With this contention we are unable to agree. In 2 Meechem on Sales, sec. 1331, it is said that where goods are sold both by sample and description, it was held that they must not only be

equal to the sample, but must also be of the kind described. In Williston on Sales, sec. 226, it is said: "That by incurring the obligations of a seller who makes a contract to sell by sample, a seller does not exclude the obligations of one who contracts to sell or sells by description, if the terms of the bargain included a description as well as a sample." See to same effect: *Drummond v. VanIngen*, 12 App. Cas. 284; *Gould v. Stein, supra; Nichols v. Godts,* L. R. 10 Exch. 191.

In *Bach v. Levy*, 101 N. Y. 511, the sold note recited a sale of Connecticut seconds tobacco guarantied to be like samples. The tobacco was not Connecticut tobacco, and it was held that the purchaser was not only entitled to tobacco of like grade with that sample, but of the kind he contracted for; that the representation that the tobacco was Connecticut tobacco, whether strictly a warranty or not, was part of the agreement, and it was broken because the tobacco delivered did not answer the description of it contained in the contract.

In support of the contention of defendant in error, counsel cite and rely on *De Witt v. Berry*, 134 U. S. 306; *Carson v. Baillie,* 19 Pa. 378 and *Sweet v. Colgate,* 20 Johns. (N. Y.) 196, 11· Am. Dec. 266. The decision against the buyer in *De Witt v. Berry, supra,* was placed on the ground that the seller did not, by the terms of the contract of sale, agree to deliver articles known to the trade by certain names and of a certain standard quality; that the sentences relied on by the buyer to show such agreement were nothing but stipulations as to the price and were not intended to fix quality. In *Carson v. Baillie, supra,* it was held that the goods were sold *on inspection* and that there was no standard but identity and no warranty implied other than that the identical goods sold, and no others should be delivered. In *Sweet v. Colgate, supra,* the sale was by auction, the buyer saw and inspected the articles sold before the sale and a sample was exhib-

ited at the time of the sale. The article sold conformed to the sample, but was kelp and not barilla, the article mentioned in the bill of parcels, and the decision in favor of the seller was on the ground that the statement in the bill of parcels was an opinion and not a warranty; that there was no implied undertaking as to quality, but the buyer exercised his own judgment as to the article purchased and bought it at his own risk. In our opinion, no one of the cases cited supports the contention of defendant in error. The word "Alaska" means a variety or kind of pea, and it is not claimed that the peas tendered were not "Alaska" peas. The controverted questions were whether they were "Fancy Peas," within the meaning of those words as used in the contract of sale, and whether they were like the samples delivered. These questions we do not decide.

We think that the terms of the contract of sale included the description of "Fancy Alaska Peas" as well as that the peas should be like the sample delivered, and that the trial court erred in holding that the sale was a sale by sample only, and that the plaintiff could recover although the peas tendered were not "Fancy Peas" within the meaning of those words as used in the contract of sale.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*