No. 31,146.

BELLE McCOMAS, *Appellee*, v. H. C. CLEMENTS, *Appellant*.

(21 P. 2d 895.)

Opinion filed May 6, 1933.

*E. R. Sloan, W. Glenn Hamilton* and *Floyd A. Sloan*, all of Topeka, for the appellant.

*Allen Meyers, Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan* and *Ralph M. Hope*, all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages incurred in an automobile collision. Judgment was for plaintiff. Defendant appeals.

Plaintiff was riding with her husband. He was driving south and was on the right-hand side of the road. The defendant was driving north on the same road. The collision was caused by the fact that defendant was driving on the left-hand side of the road. The collision occurred near a culvert which was located at the base of

two small hills. The car of defendant was in sight of the car of plaintiff from the time their car reached the brow of the hill down which they were driving and the car of defendant reached the brow of the hill opposite. Plaintiff's husband slackened his rate of speed somewhat, but continued to drive on the right-hand side of the road till the collision occurred. Plaintiff testified that she saw the appellant's car shortly after they started down the hill coming on the wrong side of the road down to the point of collision. She testified that she did nothing and made no effort to induce her husband, who was driving the car, to avoid the collision.

The cars came together when the car in which plaintiff was riding had proceeded a little way past a culvert that was at the base of the hill.

The car was damaged and plaintiff was injured. During the trial of the case the following evidence was admitted on the part of plaintiff:

"Q. Was anything further said about the collision that night (May 7)? A. He mentioned the fact of abhorring going into court, and I said that is the last thing I ever thought about."

The introduction of this evidence was objected to by defendant on the ground that it was an attempt to prove an effort to compromise a suit.

During the same examination the following evidence with reference to a transaction that occurred between the husband of plaintiff and defendant was admitted:

"Q. What did Clements say to you that night about anything you should do on your part regarding this accident? A. He said, 'I will tell you what I will do.' He took a piece of paper and wrote on it, giving me the address of his brother-in-law. He said, 'You present this to my brother-in-law and that will be that much less expense I will have to pay.'

"Q. Prior to that time had he said anything about any other damage to your car? A. Yes.

"Q. What did he say with reference to that? A. Said get your bills together and we will try and settle this some way.

"Q. Did he instruct you to bring them to him? A. Yes.

"Q. Did you make an agreement at that time as to where you would meet? A. We did."

Plaintiff was also permitted to identify plaintiff's exhibit 1, and it was admitted in evidence. That exhibit is as follows:

"*Mr. Ira Doling:* May 7, 1930.

"Dear Ira: Please take care of Mr. N. P. McComas on some glass for his car and I will settle with you. We had a collision up by Holton the other evening and I am settling this for him. (Signed) Clare,

H. C. Clements."

The introduction of the evidence and the admission of the exhibit was objected to by defendant for the same reason urged as to the first bit of evidence just referred to.

The overruling of these objections is assigned as error. Defendant argues that the evidence to which objection was made should have been excluded because it was evidence of an attempt to compromise a lawsuit, and it is a well-established rule that compromises are favored by the courts and a party attempting to make one will not be penalized.

This is the general rule, but is stated in *Kaull v. Blacker*, 107 Kan. 578, 193 Pac. 182, as follows:

"An offer to compromise a difference is not admissible in evidence in an action between the parties concerning that difference, but if the offer to compromise contains an admission of fact, that may be properly introduced in evidence." (Syl. ¶ 1.)

In considering this question another statement made by defendant should be noticed. It was as follows:

"Q. Between the time you took your wife to the farmhouse and the time you left for Topeka, state whether or not you had any conversation with the defendant about the accident. A. Yes.

"Q. State to the jury that conversation. A. He said he was very sorry it happened; that he was confused and did not know which side of the road he was on."

No objection was made to the admission of this statement.

This statement is of value to us because it throws some light on the meaning of the statements to which objection was made, some of which were part of the same conversation. These statements taken all together do not show an effort on the part of the defendant to buy peace, but show an effort on his part to settle an admitted liability. This may be done. In *Railroad Co. v. Stone*, 78 Kan. 505, 97 Pac. 471, the trial court admitted a statement similar to the one admitted here.

In passing on the question, this court said:

"The statements of the fuel agent tended to show an admission of fact. A bill having been presented for the coal, he called and said he came 'to have a talk about that coal bill that the Frisco owed.' This evidence was properly

admitted as tending to show that the company had used the coal, and the fact that the effort to settle for it failed does not destroy the probative effect of the admission nor the plaintiff's right to use it in evidence. (2 Wig. Ev. Secs. 1061, 1062.) This does not appear to have been an effort to buy peace by offering to compromise a disputed claim, but an effort to settle an admitted liability. At least the statement of the agent tended to show such admission, and was therefore properly received. (*Person v. Bowe,* 79 Minn. 238, 82 N. W. 480; *Brice v. Bauer,* 108 N. Y. 428, 15 N. E. 695, 2 Am. St. Rep. 454; *Snow v. Batchelder,* 62 Mass. 513.)" (p. 510.)

In this case the question was as to whose negligence caused the collision. The statements of defendant tended to prove that the collision was caused by the negligence of defendant. We see nothing wrong in the admission of the evidence.

Defendant also argues that the evidence shows the collision was caused by the contributory negligence of plaintiff. This argument is based on the fact that plaintiff saw the car of defendant coming on the left-hand side of the road and took no action to cause her husband to avoid the collision. When the plaintiff saw the defendant driving on the left-hand side of the road toward the car in which she was riding she had a right to presume that defendant would get over to the right-hand side of the road before the cars would collide. To hold any other way would make it impossible for a driver of a car who respects the rules of the road to get from Topeka to Kansas City in the course of a day.

The judgment of the trial court is affirmed.